HENRY SCOTT *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[60 South. 215.]

1. DAMAGES. *Personal injuries. Inadequate damages. Appeal and error.*

Where in a suit for the loss of a leg.the jury found that plaintiff's injury was caused by reason of the negligence of defendant, it thereby became its duty to render such a verdict as would fairly compensate him, not only for his actual money loss, but also for his suffering and disability.

2. SAME.

In such case a verdict for the sum of one hundred dollars is so grossly inadequate as to indicate that, in arriving at its verdict, the jury was influenced by passion, prejudice or corruption.

3. Same.

  In such case, on appeal by the plaintiff, the supreme court will
  reverse the judgment of the court below in so far as it
  adjudges the amount of damages to be recovered, but in all
  other respects will allow the judgment to remain in full force
  and effect, and will remand the case for the purpose only of
  adjudging the amount of damages to be recovered by plaintiff.

Appeal from the circuit court of Warren county.

Hon. H. C. Mounger, Judge.

Suit by Henry Scott against the Yazoo & Mississippi Valley Railroad Company for personal injuries. From a judgment awarding insufficient damages, plaintiff appeals.

Plaintiff was a brakeman of five or six years' experience, earning about seventy-five dollars per month, and at the time of his injury was engaged in the performance of his duties in the employ of defendant. One of the grabirons, to which brakemen hold when climbing on or descending from the top of a car, gave way, and he fell and broke his leg, so that amputation became necessary. He was in bed three months from the injury, and as a result his earning capacity is greatly reduced.

The jury returned a verdict in his favor for one hundred dollars, and he appeals, alleging that the verdict was grossly inadequate.

*Hudson & McKay,* attorneys for appellant.

*Mayes &Longstreet,* attorneys for appellee.

No brief of counsel on either side found in the record.

Smith, C. J., delivered the opinion of the court.

The jury having found that appellant's injury was caused by reason of the negligence of appellee, it thereby became its duty to render such a verdict as would

fairly compensate him, not only for his actual money loss, but also for his suffering and disability. The verdict rendered, which was for the sum of one hundred dollars, is so grossly inadequate as to indicate that, in arriving at its verdict, the jury was influenced by passion, prejudice, or corruption.

The judgment of the court below is reversed, in so far as it adjudges the amount of damages to be recovered, but in all other respects will remain and be in full force and effect, and cause remanded for the purpose only of adjudging the amount of damages to be recovered by appellant.

*Reversed and remanded.*