MOBILE & O. R. CO. *et al. v.* BENNETT.

[90 South. 113. No. 22173.]

APPEAL AND ERROR. *Railroads. Jury's finding held contrary to evidence.*
    Where the finding of fact by a jury is contrary to the overwhelming
    weight of convincing evidence, a new trial will be awarded, though
    such reversals are rare and reluctant.

APPEAL from circuit court of Lowndes county.
HON. THOS. B. CARROLL, Judge.

Action by Cecil M. Bennett against the Mobile & Ohio Railroad Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*J. M. Boone* and *Sturdivant, Owen & Garnett,* for appellant.

*Jno. F. Frierson,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellee, Bennett, sued and recovered judgment for four hundred dollars against the appellant railroad com-

pany as damages for personal injuries received on account of a collision between his automobile and the engine of appellant at a road crossing, from which judgment this appeal is prosecuted.

The appellant presents several grounds for reversal, but we shall notice only one, which will result in a reversal, and the other questions may not arise on the new trial, and that is that the verdict of the jury is contrary to the overwhelming weight of the evidence, and is therefore manifestly wrong.

We have carefully examined all the testimony in the case, and have reached the conclusion that the point is well taken. In substance, the overwhelming proof in the case shows that the appellee, Bennett, attempted to go over the railroad tracks at the crossing after he had been warned by the flagman and several others standing at the crossing not to do so; that the engine was moving down the track with reasonable care and caution, at a lawful rate of speed, with the bell ringing, while the flagman and others were shouting to appellee to stop before reaching the track upon which the collision occurred; that appellee was so warned by signals and by loud words is testified to by eight different witnesses, some of whom were outside, disinterested citizens who were present and saw and heard the warning.

It was daylight. Appellee could see and hear the warnings given, if given, and yet he proceeded to cross the track under these circumstances, and we are thereby led to the conclusion that the jury failed to give proper and reasonable consideration to the competent, reasonable, and unimpeached testimony of the eight witnesses whose testimony positively showed that the injury was caused by the sole negligence of the appellee.

It is true the appellee alone contradicted the testimony of these eight eyewitnesses, in that he claimed he did not hear the warning nor see the warning signs given to him at the time he attempted to cross the tracks. He admitted, however, that these witnesses were with the flagman or

near at the crossing, but contends that the flagman failed to warn him with a "stop" disc or sign generally used. This was not negligence *per se* of the flagman. It does not appear in the record that the appellee was deaf or blind, and it seems to us unreasonable to believe that under these circumstances the appellee failed to see or hear the warning signs, the ringing of the bell, or the warning by voice of the flagman, all of which was within about fifty feet of appellee at the time he started across the track where the collision took place.

This court is always reluctant to reverse on a finding of fact by a jury, and it is indeed a rare case where it is done, but we think the verdict reached by the jury in this case is contrary to the overwhelming weight of convincing evidence, and for this reason the judgment is reversed, and the case remanded. *Clarke* v. *Moyse,* 48 So. 721; *McFadden* v. *Buckley,* 98 Miss. 28, 53 So. 351; *Fore* v. *Railway,* 87 Miss. 218, 39 So. 493, 600; *McQueen* v. *Bostwick,* 12 Smedes & M. 604; *Sims* v. *McIntyre,* 8 Smedes & M. 327; *Barbee* v. *Reese,* 60 Miss. 906.

*Reversed and remanded.*