Maley *et ux. v.* Herman.

(Division B.   Feb. 27, 1933.   Suggestion of Error Overruled Mar. 27, 1933.)

[146 So. 309.   No. 30250.]

Chalmers Potter and Green, Green & Jackson, all of Jackson, for appellants.

812

Watkins, Watkins & Eager, of Jackson, W. W. Ramsey, Thames & Thames, and Brunini & Hirsch, all of Vicksburg, for appellee.

Argued orally by **Forrest B. Jackson**, for appellant, and by **Pat Eager**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This case was here on a former appeal, was considered by the court in banc, and four separate opinions written, in which a majority of the court held that there was liability against both Mr. and Mrs. Maley if certain propositions therein discussed were established, and that there was sufficient evidence to go to the jury to prevent the giving of a peremptory instruction for the Maleys. 159 Miss. 538, 132 So. 541. On that trial the circuit judge held there was no liability against either Mr. or Mrs. Maley, and granted a peremptory instruction in their favor, from which an appeal was granted.

None of the instructions given for the plaintiff were

brought under review in that appeal, and the question as to whether the proof was sufficient to require the court to set aside the verdict as to either Mr. or Mrs. Maley because the weight of the evidence greatly preponderated in favor of the defendant was not before the court.

On this appeal there are numerous assignments of error, but we do not deem it necessary to notice most of them. One of the errors assigned is the giving of instruction No. 1 for the plaintiff, which reads as follows:

"The court instructs the jury on behalf of the plaintiff that the fact that neither of the defendants had actual knowledge of the use of the automobile by Dick Maley at the time of the accident, and the fact that they may not have had actual knowledge of the fact that said Dick Maley was a reckless and careless driver of an automobile before the date of the injuries to the plaintiff is not controlling in this case *and should not affect your consideration of the case in bringing in verdict for plaintiff,* if you further believe from a preponderance of the evidence that the said Dick Maley was a reckless and careless driver of an automobile before and at the date of plaintiff's injuries, and that the said defendants should have known of such fact by the exercise of reasonable diligence on their part, and said defendants should have known of the fact that said car was in the possession of their said minor son at the time of the accident by the exercise of ordinary care on their part, and if you so believe, from the evidence, then your verdict should be for the plaintiff." (Emphasis supplied.)

The members of this division are not in agreement as to whether the giving of this instruction constitutes reversible error, but we are of the opinion that the instruction should be carefully scrutinized on a remand of the case.

After a careful consideration of the assignment as to the sufficiency of the evidence to sustain the verdict, we have reached the conclusion that the evidence is sufficient

to sustain the verdict as against Mr. Maley, and that there is no reversible error in the record as to him.

The former opinion constitutes the law as to the principles of liability.

We think, however, that the verdict against Mrs. Maley is against the great weight of the evidence in the record on this appeal, and that the judgment must be reversed and the cause remanded for a new trial on the principles announced in the cases of Mobile & O. R. R. Co. v. Bennett, 127 Miss. 413, 90 So. 113, Columbus & G. Ry. Co. v. Buford, 150 Miss. 832, 116 So. 817, and similar cases following these decisions.

The evidence showing that young Dick Maley, the son, had the reputation of being a reckless driver, came from the testimony of a very few witnesses, and their testimony was weak upon the proposition. One of these witnesses lived at Clinton, Mississippi. The questions as to the reputation of Dick Maley were limited to the city of Jackson and its environments. Jackson, of course, is a considerable city, having, according to the last census, more than forty-eight thousand people, and covering a considerable territorial area. The witnesses testifying as to Dick Maley's character as a reckless driver could not name any person who had heard any discussion thereof, and the testimony was vague and indefinite, although one witness, a deputy sheriff, living in the city, testified that Dick Maley's reputation for reckless and dangerous handling of automobiles was bad. None of the witnesses testified to hearing very many people discuss it, and none of them could name any person whom they had heard discussing it in the immediate vicinity of the Maley residence or in that part of the city where the Maleys lived and had their associates. On the contrary, many of the neighbors of the Maleys, persons of high repute, testified that they had never heard it discussed or brought into question. Two of the witnesses testifying for the defendant were county officers, and several

of them were very close neighbors of the Maleys. Some of these witnesses testified that they had ridden in the car with young Dick Maley, he driving the car, and that he was a prudent, careful, and skilled driver on these occasions.

There was no direct testimony to show specifically that any direct information came to Mrs. Maley that Dick Maley was a careless or reckless driver, or that his driving was dangerous to the traveling public. She testified positively that she had no such knowledge or information, and that Dick had been driving her for some time, and he was a careful and prudent driver, and she had no reason to believe that he was otherwise when she was not present.

We think that the testimony for the plaintiff, on the next trial, should be materially strengthened, if the verdict is permitted to stand against Mrs. Maley.

The judgment of the court below will be affirmed as to Charles E. Maley and reversed and remanded as to Mrs. Elizabeth Maley (Mrs. Charles E.). So ordered.