BEARD et al. v. WILLIAMS.

(Division B. June 3, 1935.)

[161 So. 750. No. 31772.]

Leathers & Greaves, of Gulfport, for appellants.

Bidwell Adam, of Gulfport, and Chalmers Potter, of Jackson, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The appellee, Mrs. Williams, was plaintiff in the court below and brought suit against the appellants, Mrs. Beard and Mrs. L. S. De Waters, for an injury to appellee's person caused by the collision of her car with the car driven by Mrs. Beard, who was on a mission, car belonging to Mrs. De Waters and being at the time, for the said Mrs. De Waters. This case is a companion case to that of Mrs. Mary A. Beard et al. v. Mrs. Zora Turritin, 161 So. 688, decided May 27, 1935, the two suits having grown out of the same collision, but with this difference: In the latter case Mrs. Turritin was a guest in the car being driven by Mrs. Beard, while in the case at bar the appellee, Mrs. Williams, was the driver of one of the colliding cars. The car being driven by Mrs. Beard had the right of way at said intersection under the ordinances

of the city of Gulfport. Mrs. Williams approached the intersection from the south on Thirty-First avenue, and came practically to a stop at the silent policeman situated at the intersection, and then proceeded into the intersection, although cars being driven along Eleventh street had the right of way.

The evidence is sufficient to show that Mrs. Beard was guilty of negligence in approaching the intersection, although she testified that she saw Mrs. Williams slow down her car, and thought Mrs. Williams was going to give her the right of way at said passage. We think the evidence warrants the inference that both the appellant and the appellee were guilty of negligence and that there was liability as was held in the case of Beard et al. v. Turritin, supra.

In the case at bar there was a judgment for three thousand dollars, and the evidence as to the injury depended upon the testimony of the appellee, Mrs. Williams.

After the collision, Mrs. Williams walked to the hospital and had a physician bandage her hand or arm, and was treated only twice by a physician, which was some time prior to the bringing of this suit. She testified also that she consulted a chiropractor. The evidence is that she was seen at the hospital standing and talking to other parties. No X-ray pictures were taken of the alleged injured hand, and no medical testimony was introduced as to the extent of her injury, although the appellee lived in the city of Gulfport, where there are numerous physicians and facilities for taking X-ray pictures.

As stated above, her right of recovery as to the extent of her injury rests entirely upon her own testimony.

While a person being treated by a physician is not under any legal duty to call the physician to testify as to the extent of her injuries, and the opposing parties cannot avail themselves of the use of such physician as

a witness, because of the privilege statute, we think there may be indulged, as an inference of fact, that, where no physician is called, and many are available, and the extent of the injury would depend largely upon the expert testimony of a physician, the presumption that the injured party would have called some physician had the injuries been serious. The fact that the party lived where there were many physicians, and claimed to have suffered injury, and still called no physician, nor had any treatment save as above stated, would raise the presumption that such testimony, if produced, would be against the claim of such party. In the case of Kress & Co. v. Sharp, 156 Miss. 693, at page 710, 126 So. 650, 655, 68 A. L. R. 167, there is contained the following statement: "There is another vital rule: 'The object of a judicial trial is to enable the state to establish and enforce justice between party and party,' and 'when a party appeals to the sovereign for justice he impliedly consents to the doing of justice to the other party, and impliedly agrees in advance to make any disclosure which is necessary to be made in order that justice may be done'—the latter, of course, not including any privileged matter. 1 Thomp. on Trials (2 Ed.), sec. 859."

The jury's verdict is so large, when considered in the light of contributory negligence and the character of the injuries sustained, as to manifest passion, prejudice, and favoritism. We are conscious of the fact that the verdict of a jury is to be given great weight, and is the best means, when fair, of settling disputed questions of fact. Nevertheless, throughout the entire history of jury trials, the courts have exercised a supervisory power over them, and have granted new trials whenever convinced, from the evidence, that the jury has been partial or prejudiced, or has not responded to reason upon the evidence produced. The duty of the court in supervising trials by jury is such a vital part thereof that no court

may refuse to exercise such power whenever fully convinced of its duty so to do.

We are satisfied, in the case at bar, that the verdict is so largely excessive as to evince passion and prejudice.

The judgment as to liability will be affirmed, and, if the appellee will remit the damages to one thousand dollars and interest thereon from the date of this trial within fifteen days from the date of the decision of this case, the judgment will be affirmed; otherwise it will be reversed and the cause remanded for the assessment of damages alone.

Affirmed, with remittitur.