FAULKNER *et al. v.* MIDDLETON.

(Division A. May 15, 1939.)

[188 So. 565. No. 33688.]

**R. R. Norquist,** of Yazoo City, and **R. M. Kelly,** of Vicksburg, for appellants.

358

Vollor & Teller and **J. D. Thames**, all of Vicksburg, for appellee.

Argued orally by **R. R. Norquist**, for appellant, and by **Landman Teller**, for appellee.

**McGowen, J.**, delivered opinion of the court.

In the court below, Henry Middleton, Jr., appellee and cross-appellant, recovered a judgment against Marion Faulkner et al., for damages for the loss of his eye in the sum of $648.25. Faulkner et al., appealed from that judgment on the question of liability. Henry Middleton, Jr., filed a cross-appeal on the inadequacy of the damages allowed by the jury.

The law of this case is fully set forth in the case of Henry Middleton, Jr., (a minor) v. Marion Faulkner et al., 180 Miss. 737, 178 So. 583.

In the court below, the plaintiff and his witness, Hayden, testified to every material fact requisite to uphold the allegations of the declaration, which was reviewed in the former case.

It was admitted that Middleton was an inexperienced minor. It was not in dispute that the master knew of the youthfulness and inexperience of the servant Middleton.

Middleton was injured while striking a wedge, which his evidence showed was ''burred,'' ''mushroomed,'' and thereby defective so that it had slivers of steel about its top or head. After he had struck the wedge with a maul only a few blows, a sliver of steel flew therefrom, hit him in the eye, completely destroying his eyeball and resulting in the loss of his eye. The evidence of the plaintiff and his witness was sharply contradicted in all other particulars as to the defective condition of the wedge by a far greater number of witnesses. Likewise, the master sharply contradicted the statement of the plaintiff and his witness that Guion had instructed him to use that particular wedge on that day. The plaintiff had never been engaged

in any work of that kind in the woods before. We do not think that we are warranted in disturbing the verdict on the ground that the verdict is against the overwhelming weight of the evidence. We think this case was peculiarly one for the jury—to determine the credibility of the witnesses and the weight of the evidence, and they found against the defendant on the question of liability.

Considering the instructions as a whole, we do not think there is reversible error therein.

On the question of liability on the direct appeal, the case must be affirmed.

On the cross-appeal of Middleton, we are of opinion that the verdict, $648.25, was wholly inadequate. The evidence shows that after the appellant had received the injury, he walked some miles from Glass to Vicksburg, and on that night sought treatment at a hospital, but because the master refused to or did not authorize the medical treatment necessary, treatment was delayed until pus had formed in the eye. The evidence is undisputed that he suffered intense pain. From Friday night until Sunday morning when physicians advised an immediate operation, the eye was infected and badly swollen. The operation could not be performed by administering a local anaesthetic. The surgeon cut off about two-thirds of the anterior surface of the soft part or portion of the eyeball and scraped it out with a curette. The condition of the eye was caused by a foreign substance entering and lodging in the soft part of the tissue. The physician gave it as his opinion that the sliver of steel was still lodged in that tissue. After the operation, it was necessary to insert drainage tubes within the eye. He remained in the hospital ten days. He incurred a liability for the service there of $148.25. This leaves $500 as a verdict of the jury for the pain and suffering, and the permanent loss of one eye.

In this situation, where there was no evidence of contributory negligence on the part of the servant, we think the amount of the verdict was wholly inadequate, and that the verdict was evidently induced by passion and

prejudice on the part of the jury, which necessitates another trial on the question of damages.

The jury rendered a verdict in favor of Middleton and thereby decided that he lost his eye as a result of the negligence of the master. The sum of $500 for the pain and suffering which the record discloses the servant endured, together with a permanent loss of his eye for life, (he is not yet twenty-one years of age) is so grossly inadequate that we cannot in fairness affirm it.

Since the decision in the case of Scott v. Yazoo & M. V. R. Co., 103 Miss. 522, 60 So. 215, this Court is committed to the practice of affirming the case on the question of liability, and reversing for another trial on the question of damages only.

On the question of the inadequacy of the damages in this case, and illuminative of our reason for reversing the case on damages only, see Whitehead v. Newton Oil & Mfg. Co., 105 Miss. 711, 63 So. 219.

The case is affirmed on liability, and reversed for another trial on the question of damages only.

Affirmed on liability, reversed on the question of damages.

## ON SUGGESTION OF ERROR.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

The argument is again earnestly made that the verdict is against the great or overwhelming weight of the evidence, and it is stressed that only two witnesses, one of them interested, testified in support of the verdict, while twelve other witnesses were called by appellant, and that most of these witnesses swore in positive contradiction of some of the material parts of appellee's version.

Many cases are cited by appellant which affirm the power and duty of the court to set aside verdicts when manifestly against the overwhelming weight of the evidence. That rule has prevailed ever since the establish-

ment of the constitutional judicial system in this state, and existed at the common law. Universal, etc., Co. v. Taylor, 178 Miss. 143, 149, 172 So. 756. In fact, in one of the earlier cases, Sims v. McIntyre, 8 Smedes & M., Miss., 324, 327, it was phrased so strongly as to say that if the jury has "found palpably against the preponderance of evidence" a new trial will be allowed. And when, in full view of the previously established rule, Section 31, Constitution 1890, providing the right of trial by jury was ordained in the precise language of previous constitutions, it carried with it the stated power and duty as a part of that section as fully as if therein written in so many words. Drummond v. State, Miss., 185 So. 207, 210.

The Court has never attempted to prescribe any elaborate formula, adequate to meet all cases, as to when a verdict will be considered against or contrary to the great or overwhelming weight of the evidence. Obviously it would be as nearly impossible to do so as to attempt to define a reasonable doubt—not to mention other familiar phrases in daily use in the law. The expressions on the point have usually been as, for instance, in Teche Lines, Inc., v. Bounds, 182 Miss. 638, 652, 179 So. 747, 751, that a verdict will be set aside "when, but only when, clearly or manifestly against all reasonable probability;" or as said in Beard v. Williams, 172 Miss. 880, 884, 161 So. 750, 751, when the Court is "convinced, from the evidence, that the jury has been partial or prejudiced, or has not responded to reason upon the evidence produced." Mindful that it is a duty not of choice but one imposed by the constitution itself, the trial judge, and upon review the appellate court, must apply to the evidence, all parts of it considered together, a calm, deliberate and impersonal judgment founded in the lessons of long experience and observation in the lives of men in all their various ranks, and measure thence according to sound human standards of reasonable probabilities.

But in measuring the probabilities, the character and cogency of the evidence, its reasonableness, its harmony or inharmony with the undisputed facts, or with the facts

of common knowledge, or with the laws of nature, the character and intelligence of the witnesses, their several attitudes, and the like—not the number of witnesses for the respective sides—must be among the tests. The problem is not to be reduced to any such a simple process as counting the witnesses, although this in some cases, as for instance in Mobile & O. Railroad Co. v. Bennett, 127 Miss. 413, 90 So. 113, may have some bearing. At last, the question is: Can the Court say with confidence that the verdict is manifestly against all reasonable probability; that manifestly it has not responded to reason upon the evidence produced? Unless the Court can so say, the verdict must stand, for otherwise there would be only a matter of conflict in the evidence, in which case, if the issues have been fairly submitted to the jury on proper instructions, the verdict is irreversible. Goodyear, etc., Co. v. Anderson, 171 Miss. 530, 536, 157 So. 700; Cox v. Tucker, 133 Miss. 378, 385, 97 So. 721; and see the long list of cases from this Court gathered under Note 16 in 5 C. J. S., Appeal and Error, p. 616, sec. 1648.

We have reexamined the record and we cannot confidently say that on the issue of liability the verdict is clearly against all reasonable probability. On the issue of the inadequacy of the amount allowed by the verdict, we add to our former opinion only the observation that on that issue the bald facts speak for themselves; manifestly on that issue, and in allowing only $500 for the complete loss of an eye, there being no contributory negligence, the jury did not respond to reason upon the evidence produced.

Suggestion of Error Overruled.