JONES *v.* CARTER.

(Division B.   May 10, 1943.   Suggestion of Error Overruled June 7, 1943.)

[13 So. (2d) 623.   No. 35345.]

**Joe Sid Mize** and **Frank F. Mize,** both of Forest, and **J. R. East,** of Brandon, for appellant.

J. C. Murray, of Brandon, and Jackson, Young & Friend, of Jackson, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This is the second appeal of the same case. The facts except as to minor details are set forth in the opinion on the former appeal, Jones v. Carter, 192 Miss. 603, 7 So. (2d) 519, and will not be restated here. We are no more impressed with the merits as regards the plaintiff's action than we were on the consideration of the first record, which we have carefully compared with what is shown on the present record. We are impressed now as we were then, that what we have here is simply another case of that which is seen every day by any who travel in automobiles on the streets or highways of this state, or

who as pedestrians observe that travel, namely, that many, if not most of those who are proceeding upon through highways, do so upon the arrogated assumption that they have the right to drive thereon at any undiminished speed which they may elect for themselves and that those who have first arrived, and are about to cross, at an intersection must yield so long as the driver on the through highway has appeared within sight, and regardless of the speed at which he is driving. This is not the law as, in substance, we pointed out in the former opinion.

But appellee says that by the testimony in her behalf on the second trial, the evidence has been reshaped in such manner as to avoid the effect of the opinion on the first appeal. The matter of detail in which the testimony has been reshaped presents a factual contention which within itself is contrary to all reasonable probability. We therefore again reverse on the ground that the verdict is against the manifest weight of the evidence, reasonably and impartially considered, and add only that there was no error in the court's refusal of the two instructions about which appellant has complained.

Reversed and remanded.