PAINE *et al. v.* DIMIJIAN.

(Division B.   March 10, 1947.)

[29 So. (2d) 326.   No. 36354.]

Harold Cox, of Jackson, for appellants.

524·

R. J. & J. H. Thompson, of Jackson, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellee sued appellants in the Circuit Court of the First Judicial District of Hinds County, because, he alleged in his declaration, "the defendants, and each of them, are indebted unto the plaintiff in the full sum of $614.26," on account of operations under two contracts sublet to him by them under the dates of July 26, 1943, and September 21, 1943, respectively, in which, according thereto, he furnished all "necesary labor and material for and to install a water distribution system and sanitary sewer" at Camp Shelby, Mississippi, and Pine Bluff, Arkansas, respectively. He also demanded payment for certain fittings and plumbing supplies, which he alleged he sold and delivered unto appellants. The two contracts totalled many thousand dollars gross, but, as stated, appellee sued for the alleged balance of $614.26 due him as the result of his services and materials claimed to have been furnished by him, plus the price due for the fittings. In other words, appellee sued for a settlement of amounts claimed to be due as the balance of payments

under both contracts, as affected by the oral agreement, which superseded the written Camp Shelby contract, and his completion of the written Pine Bluff contract, for appellants, as disclosed by the testimony in the case. His undertaking the performance of the contract in Pine Bluff was also the consideration for his release from his Camp Shelby commitment, as discussed post.

Appellants pleaded the general issue, with a notice thereunder to the effect that both contracts were ''an entirety and indivisible,'' and that appellee never completely performed either contract, and that appellants ''after paying the estimated amount due plaintiff, were thereby caused to expend additional sums''; that appellants ''have overpaid their obligation on the contracts in suit to the plaintiff, and . . . that the defendants actually have overpaid said account and expended in the performance of the obligations of plaintiff under the contracts in suit $1,897.93.'' They demanded judgment over against appellee for $987.21, the difference between what appellants alleged they owed appellee, and the amount they alleged he owed them.

The jury brought in a verdict, awarding to appellee the full amount for which he sued. The evidence was sharply conflicting.

The defendants below, Mr. and Mrs. Paine, appealed, and, as errors, here assign that the trial court erred in granting three instructions to the plaintiff below, appellee here, and in refusing three instructions asked by them as defendants below, appellants here.

Testimony on behalf of appellee was to the effect that before he had completed the contract, dated July 26, 1943, to be performed at Camp Shelby, Mississippi, appellants, on September 21, 1943, induced him to quit the Camp Shelby job and go to Pine Bluff, Arkansas, where appellants had a similar contract which developed into a situation of emergency, because appellants were being pressed to complete it. Appellee testified, and with corroboration, with reference to his agreement with appel-

lants regarding his work at Camp Shelby, that they orally agreed to take back the remaining work there to be done, and do it themselves; would pay appellee for what he had done up to the date of September 21, 1943; also remove his equipment to Pine Bluff, Arkansas; and pay him for his services and materials furnished there at prices fixed in that contract. In brief, appellee refers to this agreement of relinquishment of the Camp Shelby contract as a "novation," while appellants refer to it as a "modified contract." Appellee contended he fully performed all of his engagements in the premises of this litigation. Appellants denied it.

The testimony of Mr. Paine, with some corroboration, was to the effect that government engineers were complaining about the manner of performance of the contract by appellee at Camp Shelby, as well as about the conduct of a foreman of appellee there, and hence justifiably removed the appellee to Arkansas to perform the contract there, as well as to retain contact with him.

Appellants sought to establish that they and appellee agreed that he could be relieved of finishing the Camp Shelby job if he could undertake the Pine Bluff job; that they would remove his equipment; finish his uncompleted work at Camp Shelby at their own expense, and pay him for such work as he had done there, which the government engineers had approved, or would approve. They contended that the cost of his defective work there, or work by appellee that had to be done over by them at the direction of the United States engineers, appellee agreed to repay to them.

As stated, appellee sought to sustain his view that he was to receive payment for work actually done and material actually furnished, whether approved or not. After both jobs were done, negotiations for a settlement progressed through some alleged partial or tentative payments to an ultimate stalemate between the parties, resulting in this litigation. The jury heard the sharply conflicting testimony, and brought in a verdict for ap-

pellee, plaintiff below, and, under the familiar rule in such cases, since we cannot say that the verdict is manifestly wrong or against the great weight of the evidence, it is not in our province to disturb it. The court below was correct in refusing appellants' request for a peremptory instruction.

We have carefully considered the instructions granted appellee and the instructions refused appellants, and find no reversible error in the action of the trial court with reference to them. We shall quote only one granted appellee: "If·the jury believes from the preponderance of the evidence that defendants agreed with plaintiff that they would take over and complete the work at Camp Shelby and pay plaintiff for the material furnished and work done by plaintiff up to that time then this agreement constituted a new contract and defendants became obligated to pay plaintiff within a reasonable time thereafter."

Another instructed the jury, in effect, to bring in a verdict for appellee here, plaintiff there, for $614.26, if they believed from a preponderance of the evidence, the contentions of plaintiff were true. Appellants insist this was a peremptory instruction for the appellee. However, it is predicated upon the jury finding the facts, from a preponderance of the evidence he produced to be as he represented them to be, before they could return a verdict for him in such amount. It was, therefore, not a peremptory instruction. They heard all the evidence from both sides dealing with the details of the respective claims of performance both at Camp Shelby and Pine Bluff, and the differing versions of the oral superseding agreement as to release of appellee from his Camp Shelby written undertaking. They brought in a verdict for the full amount after so doing. We find no error in this instruction therefore, or in the other instruction granted appellee.

Appellants argue that the court committed prejudicial error against them by refusing them their requested in-

structions, saying, in their brief: "There is not as much as a scintilla of evidence in this case to support the verdict of the jury on appellee's theory of the case, which is not embraced in any way in the pleadings. It is not a question of variance but there is absolutely no pleading whatever to make an issue supporting the judgment which is based in an alleged contract not in suit." They cite Faulkner et al. v. Middleton, 186 Miss. 355, 365, 188 So. 565, 190 So. 910, urging both trial and appellate judges to consider all parts of the evidence together and apply a "calm, deliberate and impersonal judgment" to the evidence. This we feel we have done her and find ourselves unable to agree with the arguments of appellants, able though they are.

However, other proper instructions granted appellants by the trial court sufficiently presented the theory of appellants to the jury, so that refusal of requested instructions along the same line was not error. There are other reasons justifying denial to appellants of the refused instructions, but we deem that further discussion of the instructions will serve no useful purpose.

Appellants complain here that appellee proved a different case by his evidence than the one described in his declaration. But this attack is repelled by the fact that appellants raised the issue, which evoked this evidence, by their own plea. Furthermore, by their instructions to the jury, they referred to the Camp Shelby agreement as "modified," and also had the trial court charge the jury in their behalf, "If you believe from the evidence that the parties agreed that Paine should finish said contract for Dimijian and charge the latter with the reasonable cost of properly performing these items of work not properly done by plaintiff (Dimijian); then the Court tells you that you must find for the defendants (Paine)." Thus it will be seen that appellants themselves integrated amounts arising under all three contracts into the issues raised by the testimony, both by their plea, their evidence, and the instructions they obtained from the trial court.

In other words, appellants, as they had a right to do, sought to benefit by the privilege granted defendants by Section 1481, Code of 1942, where it is provided: "But if it appear that the plaintiff is overpaid, and is indebted to the defendant, the defendant shall be entitled to judgment for the amount due to him against the plaintiff for the amount so found, with costs, and execution may issue therefor."

As stated, supra, appellants refer to the subsequent oral Camp Shelby accord as a "modified contract," while appellee refers to it as a "novation," but appellee argues that, be that as it may, we need go no further in search of an answer than the statute of jeofails, Section 1544, Code 1942. This statute directs that "A judgment shall not be stayed or reversed, after verdict, . . . for any mispleading, insufficient pleading, discontinuance, misjoining of issue . . . or for omitting the averment of any matter without proving which the jury ought not to have given such verdict; . . . or for any mistake or misconception of the form of the action, or for any other defect of form in the declaration . . . Neither shall judgment by default be reversed, nor a judgment after inquiry of damages be stayed or reversed, for any omission or fault which would not have been good cause to stay or reverse the judgment if there had been a verdict on issue joined." Furthermore, an answer also may be found in the statute on variances. In Illinois Central R. Co. v. Price, 72 Miss. 862, 18 So. 415, 417, dealing with this statute, we said in part: "It (the appellant) did not object to this evidence as incompetent, and, if it had, the court would have permitted the appellee instantly to amend his defective pleading. Section 718, Code 1892, (Section 1512, Code 1942) declares 'that a variance between the allegation in a pleading and the proof shall not be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits . . .'" It must be borne in mind that the notice of appellants under the

plea of the general issue injected here the elements of what appellants term departure from the case declared by appellee. It is also further to be remembered that appellants made no such objection to appellee's evidence during its introduction. They offered most of it themselves, in support of their notice under the general issue.

Speaking of an alleged omission in a count of a declaration, where the point was raised on a motion for a new trial, we said: "The defect in the count was then cured (after verdict) by our statute of jeofails, which is very broad, and which declares that no judgment, after verdict, shall be stayed or reversed 'for omitting the averment of any matter, without proving which, the jury ought not to have given such verdict.' " etc. Clark et al. v. Reed, 12 Smedes & M. 554, 555.

Appellants cite Drake v. Surget, 36 Miss. 458, 459, where we held that a declaration on a special agreement binds and limits the plaintiff "to prove the contract as laid in the declaration; or else he cannot recover." However, it was also announced in the same case that after verdict it was too late to contend that the consideration of the contract, on which suit was brought, had not been proven as laid in the declaration, if a sufficient consideration had been proven.

We, therefore, cannot agree that appellee effected an abandonment of his declaration in the trial in the circuit court. He met the issue raised by appellants' plea, reflected in the instructions they obtained from the court, recognizing that the Camp Shelby contract had been modified, and presenting their defense of an offset, with demand for judgment over against appellee for the excess they claimed he owed them over what they admitted they owed him. In addition, it was too late to raise the point of variance under the statute, and the circumstances here, on the motion for a new trial. And, finally, if the declaration be conceded to merit condemnation "for omitting the averment of any matter without proving which the jury ought not to have given such verdict,"

the verdict of the jury cured the defect, as directed by the statute of jeofails.

We could find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.