BREWER *v.* ANDERSON.

No. 40051 March 26, 1956 86 So. 2d 365

April 16, 1956 86 So. 2d 679

*Ben H. Walley,* Leakesville, for appellant.

*Lester F. Williamson,* Meridian, for appellee.

Kyle, J.

Mrs. Vonceil Brewer and her husband, Ezra L. Brewer, plaintiffs, filed their declaration in the Circuit Court

of Greene County against Archie P. Anderson, defendant, in an action for damages for personal injuries to Mrs. Brewer and property damage to a 1952-model Chevrolet automobile being driven by her alleged to have been caused by the negligent operation of a pickup truck which was being driven by defendant when the two vehicles collided on a county road near State Line.

The declaration alleged that the collision occurred on August 30, 1954, when the defendant carelessly and negligently ran his vehicle into the automobile being driven by Mrs. Brewer, while the defendant was driving his vehicle on the wrong or left side of the road without proper regard for the safety of other persons using the road and without having his vehicle under proper control. The defendant in his answer denied that he was negligent in the operation of his vehicle or that Mrs. Brewer's injuries and the damage to the automobile were caused by his negligence, and the defendant incorporated in his answer a counterclaim and asked for damages to cover the cost of repairs made to his own vehicle and also damages for personal injuries alleged to have been sustained by him as a result of the collision.

The case was tried at the May 1955 term of the court, and the jury returned a verdict for the defendant. The plaintiffs filed a motion for a new trial, which was overruled, and judgment was entered against the plaintiffs for the court costs. From that judgment the plaintiff, Ezra L. Brewer, has prosecuted this appeal.

Two points are argued by the appellant's attorney as grounds for reversal of the judgment of the lower court: (1) That the court erred in refusing to grant the peremptory instruction requested by the plaintiffs on the issue of the defendant's legal liability; and (2) that the court erred in overruling the plaintiffs' motion for a new trial on the ground that the verdict of the jury was contrary to the overwhelming weight of the evidence.

The testimony of the witnesses shows that the wreck occurred a b o u t 5 o'clock p.m. when the appellee's truck which was proceeding westwardly and southwardly, around a sharp curve in the road in front of L. M. Kittrell's dwelling house, collided head-on with the appellant's Chevrolet automobile, which was being driven by Mrs. Brewer and was proceeding northwardly into the curve.

Mrs. Brewer testified that she was driving northwardly on her own right side of the road at a rate of speed of about 20 miles an hour when she saw the appellee's truck approaching from the opposite direction at a distance of about 80 feet. The truck was on the inside of the curve and on her side of the road and after coming into full view of her car continued to its course toward her. She applied her brakes, but the two vehicles collided head-on before either of them could be brought to a stop. Both vehicles were badly damaged, and Mrs. Brewer sustained painful bodily injuries which required medical attention. Mrs. Brewer was asked on cross-examination what prevented her from turning to her left and avoiding an accident. Her answer was, ''Well, I wasn't supposed to turn to my left.'' Mrs. Early Stokely, who was riding in the car with Mrs. Brewer at the time of the accident, testified that Mrs. Brewer slowed down as she crossed a bridge about 75 yards south of the point where the accident occurred and was driving at a rate of speed of not more than 20 or 25 miles per hour on her own side of the road as she approached the curve. Mrs. Stokely stated that Mr. Anderson was right up on them before she saw him. She stated that Mrs. Brewer had her hands on the steering wheel and was looking straight ahead; and that, when Mrs. Brewer put on her brakes, she braced herself with her hand, and as she looked up she saw the truck coming around the curve on Mrs. Brewer's side of the road. Mrs. Stokely was asked on cross-examination what there was to prevent Mrs. Brewer from turning to her left. Her answer was,

"Then, if she had hit, it would have been her fault, and she stayed on her side of the road."

John Lane, who was standing in L. M. Kittrell's yard between the well and the porch when the wreck occurred, testified that he saw the two vehicles when they hit. Mrs. Brewer appeared to be driving at a rate of speed of 15 or 20 miles per hour. Mr. Anderson was driving about 15 miles per hour. The vehicles were on the left hand side of the road going toward Leakesville when they hit, that is to say, on Mr. Anderson's left hand side of the road. The road was a dirt road, and there was enough room for two cars to pass. When the cars collided they stuck together, and were pulled apart later. Lane stated that he saw a hound dog in the road north of the point where the wreck occurred, and Mr. Anderson cut back to the left, and maybe slowed down, when he passed the dog.

S. D. Robinson testified that he arrived at the scene of the accident almost immediately after it happened and carried Mrs. Brewer and Mrs. Stokely to the doctor. Robinson stated that the two vehicles had run together head-on. The Chevrolet automobile was on its right side of the road going toward State Line. The pickup truck was on its left side of the road. The road was 35 or 40 feet wide at the curve, and there was plenty of room for the two vehicles to pass each other. R. C. Austin, a member of the State Highway Patrol, testified that he went to the scene of the accident soon after it happened with Sheriff C. L. Westover and Marshall Ben Turner of State Line. When he got there the automobile was on its right side of the road near the bank. The pickup truck was on the same side of the road headed in the opposite direction. The automobile and the truck had run together head-on. There were skidmarks behind each of the two vehicles, which indicated that each vehicle had skidded some as they were about to collide. There was an area of level ground 30, 40 or 50 feet wide

out toward Kittrell's store. Sheriff Westover testified that the wreck occurred about the center of the curve. "Both vehicles were sitting in the curve next to the shoulder on the inside of the curve."

Ezra L. Brewer testified that Mr. Anderson and Clyde Langford came and got him about thirty minutes after the accident occurred. He went to the scene of the accident sometime thereafter. The car and the truck were still in the road, on the right hand side of the road going northwardly toward State Line. The automobile was about six feet from the fence at the southern end of the curve. The road was about 45 feet wide at that point and fairly level. Brewer testified that he owned the 1952 Chevrolet automobile which his wife was driving, and that after the wreck he had the car repaired by the Garrison Motor Company. The actual cost of the repairs was $454.57, which he paid.

Archie Anderson, testifying as a witness in his own behalf, stated that, just before approaching the curve, there was a hound dog lying in the road, about middle ways of the road, and his son, who was riding in the truck with him, said: "Don't you run over L. N.'s deerdog." The defendant then gave this account of his own action: "I slowed down, cut my gas off. * * * The dog started to run around to L. N.'s house. I started around the dog. That throwed me a little to the left. Just as I was getting back in the ruts—there was one set of ruts around the curve where this took place, high weeds in the corner of this field fence. Well, as I had got back in the ruts and started to make this curve there, there comes Mrs. Brewer's car. Well she must have been thirty-five feet of me, something in that neighborhood, when I saw her. * * * All at once, second or two after I seen her car, she whipped her car straight to me. * * * I got on the brake of the truck I had and brought my truck to a stop. Her car didn't slow down a bit." On cross-examination, the defendant stated that the dog was

not in the curve, and that he had already passed the dog and had pulled back in the ruts before he saw Mrs. Brewer; and he admitted that Mrs. Brewer had to turn to her right to stay in the road as she rounded the curve.

Leon Anderson, who was riding in the truck with his father, testified that they passed the dog in the road at a point about 60 feet from the place where the wreck occurred. He stated that his father had passed the dog about 30 feet and had gotten back in the ruts on the left side of the road when he saw Mrs. Brewer approaching. He stated that Mrs. Brewer was driving about 15 or 20 miles per hour when he first saw her, and that his father was driving 12 or 15 miles per hour. He admitted that his father was driving in the ruts on the left side of the road, and that the ruts were only five or six feet from the ditch. Dubon Coker, the defendant's nephew, who was also riding in the truck with Mr. Anderson at the time of the collision, testified that when they saw the dog Mr. Anderson moved over to the left a little and went around the dog, that the road curved right on to the left, and just as they got on the curve they saw Mrs. Brewer approaching. He stated it was about 60 feet from the point in the road where they passed the dog to the place where the collision occurred.

██ █ It is only in rare cases that this Court will set aside a jury's finding on questions of negligence in a case of this kind. But the power of the court to review the evidence and set aside the verdict of the jury on the ground that the verdict is against the overwhelming weight of the evidence is a necessary incident to the right of trial by jury itself, and the duty of the court to grant a new trial in such case is so well settled that no court may refuse to exercise such power when fully convinced of its duty to do so. Sims v. McIntyre, 8 Smedes & M. 324; McQueen v. Bostwick, 12 Smedes & M. 604; Mobile & O. R. Co. v. Bennett, 127 Miss. 413, 90 So. 113; Fore v. Illinois Cent. R. Co., 172 Miss. 451, 160

So. 903; Beard v. Williams, 172 Miss. 880, 161 So. 750; Belk et al. v. Rosamond, et al., 213 Miss. 633, 57 So. 2d 461.

██ ██ It seems clear to us that the verdict of the jury in this case was clearly contrary to the overwhelming weight of the evidence. All of the witnesses testified that the appellee's truck was on his wrong side of the road at the time of the collision and that Mrs. Brewer's automobile was on her own right side of the road. Neither of the vehicles was being driven at an excessive rate of speed as they approached the point where the wreck occurred. The appellee admitted that he was driving his vehicle in his left lane of travel as he rounded the curve, and the only reason given by him for turning his truck into the left lane of travel was that he wished to avoid striking a dog that was lying in the road. But the wreck did not occur at the point in the road where the dog was lying. The wreck occurred 60 feet beyond the point where the dog was lying, and the appellee was still in the left lane of travel when the two vehicles collided.

We think that the trial judge should have sustained the appellant's motion for a new trial on the ground that the verdict of the jury was contrary to the overwhelming weight of the evidence. The judgment of the lower court is therefore reversed and the cause remanded.

Reversed and remanded.

*Roberds, P.J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.

## ON SUGGESTION OF ERROR

LEE, J.

The suggestion of error has been thoroughly considered and must be overruled. No response would be necessary but for the fact that appellee contends that he is uncertain because the opinion fails to adjudge affirmatively that Mrs. Brewer did not appeal.

 The opinion showed that the suit was brought by Mrs. Vonceil Brewer and Ezra Brewer, her husband, for the recovery of personal injuries of Mrs. Brewer and property damages to a 1952 Chevrolet automobile. The proof showed that the automobile was owned by Ezra L. Brewer. The jury returned a verdict for the defendant, and only Ezra L. Brewer appealed. Mrs. Brewer did not appeal; and of course her part of the controversy has been finally determined. The only matter for consideration on the new trial will be the question of property damages.

Overruled.

*Roberds, P.J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.