## Stewart *v.* Madden

No. 40721       March 24, 1958       101 So. 2d 353

*Satterfield, Shell, Williams & Buford,* Jackson; *Huff & Huff,* Forest, for appellant.

Roy Noble Lee, Jas. W. Lee, Forest, for appellee.

McGehee, C. J.

The plaintiff, Miss Tommie Madden, sued Ben G. Stewart for personal injuries sustained by her and for damages to her automobile as a result of a collision of the plaintiff's car with that of the defendant. The damages to the plaintiff's car was shown to amount to the sum of $1,124.71, and the proof disclosed that she also sustained personal injuries. A verdict and judgment was rendered in favor of the plaintiff for the sum of $2,500 and the defendant appeals.

The appellant contends, first, that he was entitled to a directed verdict in his favor, as requested, or, second,

that the cause should be reversed on account of the verdict being contrary to the overwhelming weight of the evidence. The proof on behalf of the plaintiff, Miss Madden, shows that on the morning of February 25, 1956, she was driving her automobile south on Mississippi Highway No. 21, which was blacktopped, from Sebastopol, where she lived, to Forest, where she was employed as an office nurse of Dr. L. W. Willey; that after having passed through the community of Steele, the plaintiff's car came out of a curve in the highway from where she had a good vision and view for a distance of approximately one thousand feet to where the defendant came out of a private driveway from the west of the said Mississippi Highway No. 21, and entered onto the said highway without having first stopped his automobile.

The defendant had traveled about five hundred feet from where he got into his car until he reached the said highway. The plaintiff testified that she saw him driving toward the main highway along the private road, and that as ''I saw he was coming out of his driveway, I did let up - - - well, I kinda hit my brakes, but naturally as anyone would think, a person will stop before entering a highway but - - - Q. How fast were you traveling at that time? A. Fifty miles per hour.'' The plaintiff further testified that the defendant ''whipped right out in front of me, covering, certainly over across the line over into the lane I would have gone over in - - - the lane I tried to get over in to miss him.'' She testified that she was at that time about twenty feet north of the private driveway, and that there was no way to avoid striking defendant's car; and that she did not know how anyone could have avoided it. She testified that when the defendant entered the highway he turned south, and the proof shows that the plaintiff's car struck the defendant's car on the left side of the rear end thereof, and at a distance of twenty to twenty-five feet south of the private driveway. In the meantime the plaintiff had ob-

served that the defendant had put on his brake lights, and that he crossed into the east lane of the highway before his car straightened out, traveling to the south.

The testimony is in direct conflict as to the length of the skidmarks made by the plaintiff's car, and when the highway patrolman was asked as to whether the physical findings indicated whether or not the defendant's car had been over the center line, he replied that "There is no way of telling. It was—the pavement was wet and it was not (over the center line) at the time it was hit."

It was for the determination of the jury as to whether the defendant's car, after traveling a distance of five hundred feet, would have been able to have turned south on the highway from the private driveway, and have remained in the right lane of the highway instead of crossing over the center line into the east lane thereof, as testified to by the plaintiff, and so as to block her attempt to drive around his automobile.

Section 8198, Code of 1942, Recompiled, reads in full as follows: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." The defendant testified that he stopped and looked for another car before entering the highway and that he did not see one approaching. However, he admitted that he saw through his rear vision mirror the plaintiff's car about five hundred feet behind him.

The case was submitted to the jury under Section 8197 of the said Code, and under the following instruction: "The Court instructs the jury for the plaintiff that the driver of an automobile about to enter a highway from a private driveway must yield the right of way to all vehicles approaching so closely on said highway as to constitute an immediate hazard, and, if you believe from the preponderance of the evidence in this case that the defendant negligently entered Mississippi Highway No. 21 from a private driveway at a time when plaintiff was ap-

proaching on said highway so closely as to constitute a hazard, and that he negligenly failed to yield the right of way to plaintiff, and that such negligence, if any, proximately caused or contributed to the collision and to damages, if any, of plaintiff, then it is your sworn duty to return a verdict for the plaintiff.'' ▮▮ ▮ We think that the case was therefore submitted to the jury under the proper instruction and that the conflict in the testimony presented an issue of fact for the determination of the jury; and that there was no error in the refusal of a peremptory instruction in favor of the defendant. Nor can we say that the verdict in favor of the plaintiff was against the overwhelming weight of the testimony so as to entitle the defendant to a new trial. The judgment appealed from must therefore be affirmed.

Affirmed.

*Hall, Arrington, Ethridge* and *Gillespie, JJ.,* concur.