PULLIN *v.* NABORS

No. 41737 March 20, 1961 128 So. 2d 117

*Coleman & Dobbs,* Ackerman; *Crawley & Ford,* Kos-
ciusko, for appellants.

*Carlisle & Carlisle,* Columbus and Ackerman, for appellee.

McElroy, J.

James Robert Pullin, a minor 15 years of age, by J. C. Pullin, his father and next friend, appellants here, filed this suit in the Circuit Court of Choctaw County, Mississippi, against Frank R. Nabors, appellee here, for personal injuries sustained by the minor when the appellee, in a drunken condition, on the 2nd day of August, 1958, struck an automobile parked on the shoulder of Miss. State Highway No. 12 and struck the automobile formerly operated by appellant's mother and which was in the eastbound traffic lane of said highway. The jury rendered a verdict for the appellee, hence this appeal by the appellant.

The facts offered by appellant in evidence were to the effect that immediately prior to 8 o'clock P. M. on August 2, 1958, J. G. Johnson drove a 1952 Chevrolet automobile in a westerly direction on Miss. State Highway 12 in the south lane, which was his wrong lane of the highway, and collided with a 1949 Chevrolet sedan which was being operated by Mrs. Jewel Pullin an easterly direction on said highway in the south lane, or eastbound traffic lane; after the collision aforesaid the 1949 Chevrolet sedan that had been driven by Mrs. Pullin was facing in a northeasterly direction with the front end of the car being about 2 feet south of the center line of said highway; that the collision was being investigated by Mis-

sissippi Highway patrolmen and deputy sheriffs of the City of Kosciusko in Attala County, who were on the west side of the wrecked 1949 Chevrolet sedan waving and flashing lights to warn motorists approaching from the west in the eastbound traffic lane of said highway which was obstructed by the aforesaid wrecked automobiles, and a member of the police department was waving a flashlight at the scene of the collision in order to warn motorists approaching from the west; and that the highway was so obstructed that the police car of the City of Kosciusko and the highway patrolman's car were parked on the south side of the highway and were giving warning to the motorists by means of flashing red lights; that J. C. Pullin had come to the scene of the collision to ascertain if his wife, Mrs. Jewel Pullin, was injured, and had driven a 1948 Ford 2-door sedan to the scene of the collision and parked the Ford car off the paved portion of the highway and on the south shoulder of the highway; the automobile having been parked on the shoulder approximately 20 feet west of the location of the wreck on the highway.

At approximately 8:00 P. M., while the condition prevailed on the highway as outlined above, the appellee drove a 1954 Ford automobile in a easterly direction on the said highway within the city limits of Kosciusko and within a 30 miles per hour speed zone at a speed of approximately 60 miles per hour while the appellee was drinking Vodka or intoxicating liquor, and for which he paid a fine at a later date for said operation in a state of intoxication.

The appellee drove his automobile at a reckless rate of speed while he was in such state of intoxication and collided with the 1948 Ford 2-door sedan which had been parked on the south shoulder of Highway 12 by J. C. Pullin, and then collided with the 1949 Chevrolet sedan which was in the eastbound traffic lane of the highway as a result of the prior collision referred to. At the time

appellee struck the 1949 Chevrolet sedan the appellant was on the east side of the sedan and was reaching inside the automobile for the purpose of removing some shoes and other personal belongings; that the automobile driven by the appellee struck the 1949 Chevrolet automobile with such force and violence that the 1949 Chevrolet was hurled or catapulted into the appellant, knocking him unconscious and resulting in serious and permanent back and spinal injuries to the appellant.

The doctors' testimony of the injury of the appellant was to the effect that the collision caused the appellant to sustain a ruptured disc between the last vertebra and the sacrum; that he sustained a 15% permanent disability to the body as a whole. At the time of this collision the appellant was 15 years of age with a life expectancy of 54.8 years; that the appellant was an athlete, playing football, baseball and basketball; that as a result of this injury, which was very painful to him, he was unable to perform with the same dexterity and agility as he formerly performed on the athletic field; that he on many occasions tried to perform the duties of an athlete with the same effort as before the accident, but that the accident caused him to be less efficient and one of the doctors testified that the condition would probably be permanent. This was the testimony offered by the appellant and his witnesses.

The appellee's testimony was to the effect that he had drunk intoxicating liquor, Vodka, while he was in Kosciusko and before driving his automobile in an easterly direction on Highway 12 in the city limits of Kosciusko; that he knew the speed limits in the city and at the place where the collision occurred were 30 miles per hour; that when he reached the hill crest which was 500 or 600 yards west of the Pullin sedan with which he subsequently collided in the eastbound traffic lane of said highway, *he saw the flashing red light of the highway patrolman's car;* that he did not reduce the speed

of his vehicle at all and that he recognized that the red flashing light indicated danger. He further testified that he struck one automobile which was sitting on the side of the highway and that he then struck the 1949 Chevrolet sedan owned by Mrs. Pullin which was in the highway. He testified that the officer searched him, took a bottle of Vodka off of his person, and took him to jail, and that he paid a fine for this offense. He stated that he recognized it would be extremely dangerous for a man to drink intoxicating liquor and drive on a highway.

The photographs introduced indicate that about 500 or 600 yards west of the accident there was a slight decline in Highway 12, but that the highway was straight. Other witnesses testifying in the case said that they could see the light, that is the red lights flashing from the highway patrolman's car and the police cars, from a distance of approximately one mile from the scene. Even the photographs show the location of the collision to be several hundred yards away, with a clear and unobstructed view down the highway, indicating that the appellee did see, or should have seen, the conditions on the highway at that time of the evening.

The appellant assigns as error that the court erred in refusing to grant him a peremptory instruction; in admitting testimony of his doctor - S. L. Bailey, over the objection of the appellant; in granting an instruction based on an emergency, and in refusing to grant appellant a new trial on the ground that the verdict of the jury was contrary to the overwhelming weight of the evidence and served to evince bias and prejudice on the part of the jury; thus showing manifest bias, passion, and prejudice, and does not respond to reason on the part of the jury.

The appellant strongly contends that he was entitled to a peremptory instruction. This issue is undoubtedly close upon this point. The established rule in this state is that when looking solely to the testimony

in behalf of the party against whom the peremptory charge is requested, and taking that testimony as true, there are enough facts testified to, along with reasonable inferences which could be drawn therefrom, in favor of a certain party, to support a verdict for him, then the peremptory instruction is not allowable. Graves v. Johnson, 179 Miss. 465, 176 So. 256. Since this case is to be reversed on other grounds, and due to the fact that the appellee testified he was traveling at 25 to 30 miles per hour within the statutory regulations of the corporation of Kosciusko, Mississippi, and that he was suddenly blinded by the flashlight of one of the policemen, even though this is a close case, we believe there was testimony enough to go to the jury.

 The contention that the court erred in permitting the testimony of Dr. S. L. Bailey because it was a privileged communication according to Section 1697, Code of 1942 Rec., we believe to be harmless error. It is always a dangerous thing to question a party's doctor when he claims that it is a privileged communication. There is evidence on behalf of the appellant as to what Dr. Bailey prescribed. In Coca-Cola Bottling Co. v. Simpson, 158 Miss. 390, 130 So. 479, the Court held that a party "cannot waive the privilege partially - he cannot remove the seal of secrecy from so much of the privileged communications as make for his advantage, and insist that it shall not be removed by so much as makes to the advantage of his adversary. Dabbs v. Richardson, 137 Miss. 789, 102 So. 769; Estes v. McGehee, 133 Miss. 174, 97 So. 530." Maybe this question will not arise on a new trial.

 The appellant contends that the court erred in giving the instruction based on sudden emergency. This instruction is as follows: "The court instructs the jury for the defendant that under the law when a person is suddenly confronted with a sudden emergency not of his own making and is by reason thereof placed in a

position of peril to himself without sufficient time in which to determine with certainty the best thing to do, he is not held to the same accuracy of judgment as is required of him under ordinary circumstances.''

We believe the giving of this instruction is reversible error.

In the case of Jones v. Dixie Greyhound Lines, 211 Miss. 34, 50 So. 2d 902, the Court had a similar instruction under consideration and held that an instruction which is not applicable to the facts of the case is erroneous and should not be given, and further held that the sudden emergency rule cannot come into operation at all if the emergency was proximately caused by the fault of the automobile driver, and a condition precedent to the use of the sudden emergency rule is that the driver used due care to avoid meeting such an emergency. In that case the decedent debarked from a truck before the oncoming bus of the appellee, which struck her. It was the contention of the appellant and plaintiff that the child was in plain view of the oncoming bus and its driver for a distance of a quarter of a mile, and that there was nothing to have prevented the driver from seeing the child as the bus was approaching the truck; that if the bus driver did not see the child he was negligent because he should have continued his approach towards the truck more slowly instead of speeding up and thereby creating the sudden emergency through his own negligence. The position of the appellee, Dixie Greyhound Lines, was that the bus driver sighted the truck a mile away, but none of the occupants of it were visible, and the first indication to the bus driver of the child's presence around the truck was her sudden appearance when she ran from behind the truck and into the path of the bus; that it was then too late for the driver to avoid hitting her, and that the driver was driving with care in approaching the truck and did everything he could reasonably do to avoid the accident. The jury returned

a verdict for the appellee Dixie Greyhound Lines, and the appellant appealed and assigned as error the giving of the instruction employing the sudden emergency rule. The case further held the emergency rule is not an exception to the general rule requiring reasonable care. The conduct required is still that which is reasonable under the circumstances. A further qualification which must be made is that some emergency must be anticipated, and the actor must be prepared to meet them when he engages his activity in which they are likely to arise. The court further stated that under present day traffic conditions any driver of an automobile must be prepared for the sudden appearance of obstructions in the street or highway, or of other vehicles at intersections, and his failure to act properly when they appear may be found to amount to negligence.

We feel that in this case the appellee was under similar requirements. He testified that he saw the red lights about a quarter of a mile away and that he knew that red lights indicated danger. Thus he sensed, or should have, that there was something on the highway that had a right to be there. He further testified that he did not slow up and never applied his brakes or did anything to avoid any obstruction that might have been in the highway. We feel that if there was an emergency that it was of his own making. Therefore the instruction was erroneously given. Prosser on Torts, p. 243; ALI Restatement of Torts, Sec. 296, p. 797; Continental Southern Lines v. Klaas, 217 Miss. 795, 65 So. 2d 575; 5 Am. Jur., Automobiles, Sec. 171; Moak v. Black, 230 Miss. 337, 92 So. 2d 845; Moore v. Taggart, 233 Miss. 389, 102 So. 2d 333.

In this case the instruction failed to define sudden emergency. Callaway v. Haddad, 226 Miss. 177, 83 So. 2d 825.

 The appellant states that an injustice has been done him warranting a reversal of the case, and requests

a new trial on the ground that the verdict of the jury was contrary to the overwhelming weight of the evidence, and was so unreasonable as to evince passion and prejudice on the part of the jury, and the verdict of the jury for the appellee was contrary to the overwhelming weight of the evidence, manifesting bias, passion and prejudice on the part of the jury. We believe that this point is well taken and that the case should be reversed. The court is never reluctant to set aside a verdict of a jury and a judgment of the court when the same are contrary to the overwhelming weight of the evidence. Jones v. Carter, 195 Miss. 182, 13 So. 2d 623; Montgomery Ward & Co., Inc. v. Windham, 195 Miss. 848, 16 So. 2d 622, 17 So. 2d 208; Flournoy v. Brown, 200 Miss. 171, 26 So. 2d 351; Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d 160; Moak v. Black, 92 So. 2d 845.

In the case of Moak v. Black, supra, the appellant C. D. Moak and wife and three minor children brought an action against the appellee John M. Black to recover damages for the death of Clifton Moak, a 9-year old child who was killed as the result of appellee's automobile colliding with a bicycle on which Clifton Moak was riding on U. S. Highway 51 in Lincoln County. In the trial of the case the jury returned a verdict in favor of the defendant. The appellant appealed from the verdict on the ground that it was contrary to the overwhelming weight of the evidence. The testimony in the case was to the effect that defendant did not apply his brakes or blow his horn until he was in close proximity to the decedent.

And in the case at bar Nabors testified that he never did reduce the speed of his vehicle prior to the collision, although he saw flashing red lights on the highway patrol car, which to him indicated danger.

In Graves v. Johnson, supra, the Court held that a driver will be presumed to have seen what he should have seen in the performance of the obligations required of

him in the situation as it occurs. There was testimony in this case that the red lights flashing could be seen a mile west of the location of the collision. The appellee himself testified that he saw the red lights and he knew that there was danger ahead. He is presumed to have seen the dangerous situation in the highway and his failure to stop his automobile prior to colliding with the appellee was negligence. It appears that the overwhelming weight of the evidence shows that the appellee was grossly negligent and such negligence was the proximate cause of the collision and resulting injuries of the appellant.

In Williams v. Hood, 237 Miss. 355, 114 So. 2d 854, the Court held: ''The question raised by this appeal is whether the verdict and judgment for defendant Hood is contrary to the overwhelming weight of the evidence.

''A jury trial affords the best means of settling disputed questions of fact in cases of this kind, and the power of a court to set aside the verdict of the jury and grant a new trial on the ground that the verdict of the jury is contrary to the weight of the evidence should be exercised by the court with the utmost care. But the power and duty of the court to review the evidence and set aside the verdict of the jury on the ground that the verdict is against the overwhelming weight of the evidence is a necessary incident to the right of trial by jury. Beard v. Williams, 172 Miss. 880, 161 So. 750; Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461.

''Hood cites Stewart v. Madden, 233 Miss. 206, 101 So. 2d 353, and Meo v. Miller, 227 Miss. 11, 85 So. 2d 568, but those cases do not control. A comparison of the facts in those cases with the facts in the present case is sufficient to distinguish the cited cases.

''Without regard to whether Williams was negligent in entering the intersection, we are of the opinion that the physical facts overwhelmingly show that Hood was operating his automobile at a high, dangerous, and negli-

gent rate of speed and did not have it under reasonable control, and that such negligence was a proximate cause of the fatal collision. These facts show that the Hood vehicle skidded a total distance of 414 feet upgrade on a dry pavement in addition to the slowing effect of the impact with the truck. Williams had entered the intersection, made the turn into the northbound lane of Highway 45, and travelled 75 feet before he was struck in the rear. The force of the impact was undoubtedly great, as evidenced by the fact that the truck was knocked forward and to the right a distance of 44 feet and 'wrapped around a tree' east of the highway. The version told by Hood and his passenger witness is wholly inconsistent with the physical facts. The right to trial by jury includes the right of both parties to a trial by jury that will respond to reason. We are firmly of the opinion that the jury in this case did not respond to reason, and that the verdict exonerating Hood was the result of bias, passion, or prejudice." Beard v. Williams, 172 Miss. 880, 161 So. 750; Universal Truck Loading Co. v. Taylor, 178 Miss. 143, 172 So. 756; Faulkner v. Middleton, 186 Miss. 355, 190 So. 911; Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461; Brewer v. Anderson 227 Miss. 330, 86 So. 2d 365.

All other contentions of the parties have received careful consideration, but need not be discussed as the same matters may not arise on a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.