Harrison, et al. *v.* Illinois Central R. R. Co., et al.

Jan. 4, 1954

No. 39039 47 Adv. S. 4 69 So. 2d 218

*William Harold Cox,* Jackson, for appellants.

*Byrd, Wise & Smith,* Jackson, for appellees.

HOLMES, J.

This is an appeal from a judgment of the Circuit Court of Scott County sustaining a plea in abatement and dismissing the suit of the appellants upon the ground that a suit previously filed by the appellants as. plaintiffs was pending in the Circuit Court of the First Judicial District of Hinds County involving the appellee, Illinois Central Railroad Company, as defendant, and involving the same plaintiffs and the same cause of action.

Prior to the hearing of the plea in abatement, the appellants undertook to enter a non-suit in vacation in the Hinds County suit, and it is their contention that the non-suit was validly entered and the cause dismissed, and that, therefore, the Circuit Court of Scott County was in error in holding the cause to be a pending suit and in sustaining the plea in abatement.

The appeal brings under review the question of the effectiveness or ineffectiveness of the non-suit claimed by the appellants to have been entered in the Hinds County suit.

The chronological events out of which the question arises are as follows: On July 3, 1952, the appellants,

as plaintiffs, filed their declaration in the Circuit Court of the First Judicial District of Hinds County against the Illinois Central Railroad Company as defendant, demanding damages in the total sum of $4,873.61, alleging that a truck and semi-lowboy trailer of the plaintiffs which had become stalled on one of the tracks of the defendant railroad company were damaged and destroyed as the result of the negligence of the defendant railroad company in the operation of one of its trains. The defendant railroad company answered, denying the charges of negligence and asserting a counterclaim against the plaintiffs in the sum of $1,148.58, alleging that the plaintiffs had negligently caused said truck and semi-lowboy trailer to be on one of the tracks of the defendant and that the train, without fault on the part of the servants of the defendant railroad company, had run into and against said equipment and had caused it to be knocked against one of the block signals of the defendant railroad company, damaging and demolishing the same.

On the trial of the case in the Circuit Court of Hinds County, a peremptory instruction was granted to the plaintiffs on the counterclaim of the defendant railroad company, and the case was submitted to the jury on the claim of the plaintiffs for damages, resulting in a verdict for the defendant railroad company. Judgment was accordingly entered for the plaintiffs on the railroad company's counterclaim and for the defendant in accordance with the jury's verdict for the defendant on the claim of the plaintiffs for damages. The plaintiffs filed a motion for a new trial and on November 21, 1952, the court entered an order adjudging that the jury's verdict for the defendant and the judgment of the court thereon be set aside and that the plaintiffs be granted ''a new trial of this suit against the defendant, Illinois Central Railroad Company, the same in all things as if this suit had never been tried with the result stated.'' This order of the court was duly excepted to by the de-

fendant railroad company and its bill of exceptions thereto was approved and allowed by the court on December 3, 1952. Thereafter on January 17, 1953, these same plaintiffs, who are the appellants here, filed their declaration in the Circuit Court of Scott County, naming as defendants thereto the Illinois Central Railroad Company and H. G. Vinson, the latter being the engineer engaged in the operation of the train at the time of the accident. This declaration was filed on the same cause of action as that involved in the Hinds County suit. The only difference in the two suits is that in the Hinds County suit the railroad company alone was named as defendant, whereas in the Scott County suit, H. G. Vinson, the Engineer, was joined, and in the Scott County suit, the amount of the damages claimed as the result of alleged negligence was greater than that demanded in the Hinds County suit. On February 3, 1953, the attorney for the plaintiffs made the following notation on the declaration in the Hinds County suit; "This case is non-suited without prejudice to the right of plaintiffs to bring new suit for their right of action herein." This notation was signed by the attorney for the plaintiffs and was attested by the clerk. On February 17, 1953, the defendants in the Scott County suit filed their answer and plea in abatement. On February 19, 1953, the Circuit Court of Hinds County, on motion of the defendant, Illinois Central Railroad Company, entered an order adjudging the attempted non-suit in the Hinds County proceedings to be a nullity and setting the cause for trial in that court on March 11, 1953, "or at such time thereafter as may be designated by this court." At the March 1953 term of the Circuit Court of Scott County, a hearing was had on the plea in abatement filed in the cause in that court, resulting in a judgment sustaining the plea in abatement and dismissing the suit in that court.

Appellants claim that they had the unqualified right to enter the non-suit by virtue of Sec. 1539, Miss. Code of 1942, which, in its applicable parts, is as follows: "The plaintiff may suffer a non-suit, or dismiss a cause, before the clerk in vacation, on paying all costs that have accrued; and the clerk shall enter on the declaration the disposition made of the same, with the date. * * *." No point is made that this statute was not complied with in so far as concerns its requirements for the exercise of the right to enter a non-suit.

It is the position of the appellants that since the court set aside the judgment in favor of the defendant railroad company and granted the appellants a new trial of their suit against the said defendant, the cause stood as though it had never been tried insofar as the rights of the appellants on their original demand were concerned.

The vital question, therefore, is whether the appellants had the right to enter the non-suit at the time they undertook to do so. In construing Sec. 1538 of the Mississippi Code of 1942, providing that every plaintiff desiring to suffer a non-suit on trial shall do so before the jury retires to consider its verdict, we have held that before the jury retires to consider its verdict, or before the case has been submitted to the court, the right to enter a non-suit exists, provided there has not been a change in the status and rights of the parties after the bringing of the suit that would be destructive of the rights of the defendant. No difference in principle is seen with respect to the rights of a party to suffer a non-suit under Sec. 1539 of the Mississippi Code of 1942.

In the case of Adams, State Revenue Agent v. Lucedale Commercial Company, et al., 113 Miss. 608, 74 So. 435, this Court, in discussing the rule with respect to the right of a party to suffer a non-suit, said: "The only limitation of the rule is applied to cases wherein the defendant has secured some right by the filing of the bill which would be destroyed by the dismissal of the

bill. Even then it is not a matter of discretion with the chancellor, it is a right of the defendant which controls. The discretion of the court may be exercised when the time has passed for the plaintiff or complainant to dismiss as a matter of right; before that time there is no discretion. It seems that the right to dismiss without prejudice did not exist in common-law courts; it originated in the courts of equity, and from our investigations it. was a right to be denied only when the other party would be prejudiced.''

In the case of People's Bank in Liquidation, et al., v. Pennington, 137 Miss. 653, 103 So. 144, the Court recognized the right of a party to suffer a non-suit before submission of the cause to the Court, but subject to the qualification that the cause has not proceeded to that stage where the defendant has acquired a right therein which would be destroyed if the non-suit were permitted to be entered. In that case, the Court quotes with approval the following from the case of C. & A. R. R. Company v. Union Rolling Mill Company, 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081:

''It may also be conceded that, as a general rule, a complainant in an original bill has the right, at any time upon payment of costs, to dismiss his bill. But this latter rule is subject to a distinct and well settled exception, namely: That after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of defendant.''

In 27 C. J. S., page 181, is stated the following: ''So, also, plaintiff can not, after an order vacating a verdict for defendant and granting a new trial, dismiss the action to the prejudice of defendant's right to review the order on appeal.''

■■ ■ The determinative question is whether at the time the appellants undertook to enter the non-suit the cause had progressed to the stage where the defendant railroad company had acquired a right which was valuable to it and of which it would be unjust to deprive it. We think this question must be answered in the affirmative. The defendant railroad company had no right of direct appeal from the judgment of the court setting aside the judgment of the Circuit Court of Hinds County in its favor. But in the event of a new trial, and a judgment favorable to the appellants, and an appeal therefrom, it has the right to have reviewed the judgment of the court setting aside the judgment in its favor, and if successful on such review, to have the original judgment in its favor reinstated. Such right has been recognized by this Court in the case of American Cotton Oil Company v. La Valle, 148 Miss. 259, 114 So. 321, wherein the court had under review the question as to whether an appeal might be prosecuted from an order of court setting aside a judgment by default. The Court said:

"The judgment here in question is not a final judgment. It is no more a final judgment than the judgment sustaining a motion for a new trial. It did not put an end to litigation in the trial court. There is to be another trial between the same parties, involving the indentical cause of action upon which the first judgment was taken. It may be, as contended by appellant, that the court committed a grievous error against the appellant in setting aside the former judgment; but, if that be true, appellant's remedy to have the judgment reinstated is not impaired by a denial of his right to prosecute this appeal. In the first place, on another trial, appellant may recover judgment again. And, second, if judgment should be rendered in favor of the appellee, dismissing appellant's cause, the latter would have the remedy of appeal to the Supreme Court, and, on that appeal, would have the right to have the Supreme Court review the

question whether there was error in setting aside the former judgment in favor of the appellant.''

In the case before us, the defendant railroad company, at the time the non-suit was undertaken to be entered in the Hinds County suit, had unquestionably acquired the potential right to a review of the judgment of the Hinds County court which set aside the verdict rendered by the jury in its favor. This is a valuable and substantial right of which it would be unjust to deprive it. To hold otherwise would create an unjust situation. For instance, if the Scott County suit is permitted to proceed and results in a verdict for the defendant railroad company, and a motion for a new trial should be sustained, the plaintiffs might then, as was attempted in the Hinds County suit, enter a non-suit in the Scott County suit and then go to some other county in which the railroad company operates and bring another suit and continue the same procedure from county to county and from court to court until a favorable ruling be obtained. Such a situation should not be countenanced. As pertinent to such a situation, we set forth here the following which was quoted with approval in the case of People's Bank in Liquidation, et al., v. Pennington, *supra*:

''To permit a party to dismiss under such circumstances is, in substance, to grant him a new trial after he has been fairly defeated, and to deprive his adversary of the fruits of a fairly won victory. It is contrary to good sense and sound policy to allow a party to take his case from one court to another until fortune favors him with a judge who is willing to accept his view of the law or his construction of the evidence. 'Such a mode of proceeding would,' as was said in Conner v. Drake, 1 Ohio St. 166, 170, 'be trifling with the court as well as with the rights of defendants.' One who is defending against a claim which he believes to be unjust ought not to be subjected to the expense of litigation

which settles nothing. And since he is not permitted to choose another forum when it is discovered that the court is against him, it is manifestly unfair to give the plaintiff an unlimited freedom of choice—citing Bee Building Co. v. Dalton, 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508.''

We do not think that the result is changed by the action of the appellants in joining in the Scott County suit an additional defendant upon whose acts the liability of the defendant railroad company is predicated under the doctrine of respondeat superior, and by increasing the amount of the damages demanded. The fact that this additional defendant was joined and the demand for damages to the equipment increased should not deprive the defendant railroad company of the right which it had acquired in the proceeding at the time the non-suit was attempted to be entered.

It is accordingly our conclusion that the court below was correct in sustaining the plea in abatement as to the defendant railroad company. We think, however, that the judgment of the lower court in sustaining the plea in abatement as to the defendant H. G. Vinson was not correct. The liability of the defendant railroad company was predicated upon the alleged negligence of its engineer, H. G. Vinson, under the doctrine of respondeat superior. The liability, if any, of the railroad company and its engineer, H. G. Vinson, is joint and several. Grandquist v. Crystal Springs Lumber Company, 190 Miss. 572, 1 So. 2d 216. It was permissible, therefore, for the appellants to file their suit solely against the said H. G. Vinson. Vinson was not a party to the suit in the Circuit Court of Hinds County. The Scott County suit might proceed against the said Vinson alone and we are accordingly of the opinion that the judgment of the court below in sustaining the plea in abatement as to the appellee, H. G. Vinson, was erroneous.

412

It follows, therefore, that the judgment of the court below is affirmed as to the appellee, Illinois Central Railroad Company, and reversed as to the appellee, H. G. Vinson. The appeal costs will be assessed in the proportion of one-half thereof against the appellants and one-half thereof against the appellee, H. G. Vinson.

Affirmed as to the appellee Illinois Central Railroad Company, and reversed and remanded as to the appellee, H. G. Vinson.

*Roberds, P. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.