511 So.2d 496 (1987)
Mary Sue GILL
v.
W.C. FORE TRUCKING, INC.
No. 56898.
Supreme Court of Mississippi.
August 12, 1987.
*497 Michael B. McMahan, McMahan & McMahan, Hattiesburg, for appellant.
Richard P. Salloum, F. Holt Montgomery, Jr., Franke, Rainey & Salloum, Gulfport, for appellee.
En Banc.
ANDERSON, Justice, for the Court:
Both parties appeal from a judgment of the Circuit Court of Pearl River County wherein the trial judge entered a jnov on behalf of the plaintiff and reinstated a $5,000 award from an earlier trial.
Shortly after dawn on January 14, 1983, a collision occurred on Highway 43 in a rural area of Pearl River County. Mrs. Tommy Smith was attempting to pass another automobile when her car was struck by a truck belonging to the W.C. Fore Trucking Company, which was in the on-coming lane. After the collision Mrs. Smith's car spun around and came to rest facing north in the southbound lane. The tractor-trailer jack-knifed and went almost entirely off the road. About fifteen minutes after the collision, the appellant Mary Sue Gill was driving in a Ford Thunderbird south on Highway 43. There was fog in the area. Attempting to avoid Mrs. Smith's car, Mrs. Gill lost control of her car and ran into a ditch, sustaining the injuries that are the subject of this lawsuit. Mrs. Gill sued Fore and Mrs. Smith for negligence in causing the collision and allegedly failing to take sufficient measures to warn on-coming traffic after the collision. The case came to trial in the Circuit Court of Pearl River County in November 1984. At the conclusion of the evidence, the jury returned the following verdict:
We, the jury, find the plaintiff, Mary Sue Gill against the defendant, W.C. Fore Trucking Company in the amount of $5,000.
We, the jury, find the plaintiff, Mary Sue Gill against the defendant, Mrs. Tommy Smith in the amount of $45,000.
The trial judge excused the jury without objection from either counsel. He then entered judgment allowing Mrs. Gill to recover $5,000 from Fore and $45,000 from Mrs. Smith. Various post trial motions were made, pointing out the fact that under Mississippi law joint tortfeasors were jointly and severally liable and that apportionment of damages by the jury was illegal. The trial judge admitted the accuracy of these objections; nevertheless, he affirmed the judgment as to Mrs. Smith and gave Fore Trucking the option of either accepting the $5,000 judgment against it or having a new trial on all issues. Fore Trucking elected to have a new trial.
Before the beginning of the second trial, Mrs. Gill moved that the court reform the judgment of the first trial and enter judgment of joint and several liability in the amount of $50,000 against both defendants. The motion was denied. Mrs. Gill then moved that the new trial be limited to damages only; this motion was also denied.
The second trial was held on all issues and the jury found for Fore Trucking. Mrs. Gill moved for a jnov or in the alternative for a new trial. The court responded by entering a jnov reinstating the verdict *498 of the first trial and assessing $5,000 in damages against Fore.
Mrs. Gill now appeals the trial judge's refusal to reform the first jury's verdict, and also his denial of her motion to limit the second trial to the issue of damages. Fore Trucking is cross-appealing as to the reinstatement of the $5,000 judgment from the earlier trial.
Co-defendant Mrs. Smith settled with Mrs. Gill for $25,000 between the two trials. She is not involved in this appeal.

LAW
Mrs. Gill contends that once the trial judge had realized that the form of the first jury's verdict was improper, he could and should have reformed the verdict to reflect the jury's intent. Fore Trucking retorts that since the jury had already dispersed, the only remedy was a new trial.
It is not necessary for us to decide whether, and how, a trial judge can reform a jury verdict under these circumstances. But if we assume, for the sake of the argument, that he can, it still seems to us that the choice between that remedy and other available remedies would be a matter of his sound discretion. Even if there were plainly no legal obstacles to the reform of a jury verdict, we would be most reluctant to hold that a trial judge must reform it, and reject all other remedies.
The ordering of a new trial is a remedy well within the trial judge's competence, and the grant of such a new trial will be reversed on appeal only if it constitutes an abuse of the trial court's discretion. E.g., Thornhill v. Wilson, 504 So.2d 1205, 1209 (Miss. 1987); Anchor Coatings, Inc. v. Marine Industrial Residential Insulation, Inc., 490 So.2d 1210, 1215 (Miss. 1986); Adams v. Green, 474 So.2d 577, 582 (Miss. 1985); and Clark v. Columbus & Greenville Railway Co., 473 So.2d 947, 950 (Miss. 1985). These cases also stand for the rule that the limitation of the issues in the new trial is also for the judge's sound discretion.
In order to reverse, we must therefore find that a reform of the jury verdict was the only way in which a just and equitable result could have been reached. Suffice it to say that the record before us does not permit such a conclusion.
On the other hand, where a new trial on all issues is granted, the judgment therein must be based on the evidence adduced at that trial only. The standards for appellate review of a jnov are well-known. In the present case, it is not necessary to review them, because certain remarks of the trial judge clearly indicated that his ruling was not based exclusively on the evidence at the second trial. In ruling on the motion, the trial judge said:
This Court finds there are two valid verdicts in this case  one for the Defendant and one for $5,000 against the Defendant. Taking into consideration all aspects of the case including what this Court feels was an enlightened verdict by the first jury and including the fact that it was the Defendant that elected for a second jury trial so there could be some finality on the issues, this Court hereby concurs with the first jury's verdict as a judgment notwithstanding the verdict in the second trial and hereby reinstates the first verdict of $5,000 against the Defendant, W.C. Fore Trucking Company.
The problem here is obvious. At this stage of the proceedings, there was no "valid verdict" against Fore. Once the trial judge had granted a new trial, the old one was out of the picture for all purposes. Its verdict was as though it had never been. No matter how "enlightened" the judge may have considered it, he had no power to reinstate the $5,000 judgment unless the evidence at the second trial supported such a move. But it is obvious that the jnov here was not based on anything that happened at the second trial, but rather on the judge's second thoughts about the wisdom of his decision to grant a new trial in the first place. The reinstatement of the $5,000 judgment was improper and the second jury's verdict should have been allowed to stand. We therefore find for Fore Trucking on both the appeal and the cross-appeal.
*499 AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, and GRIFFIN, JJ., concur.