# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00022-SCT

### CONSOLIDATED WITH

## NO. 2005-CA-00069-SCT

*WILLIE J. WHITE, INDIVIDUALLY AND AS AN AGENT FOR NATIONAL LINEN SERVICE CORPORATION d/b/a NATIONAL SERVICE INDUSTRIES, INC. AND NATIONAL LINEN SERVICE CORPORATION d/b/a NATIONAL SERVICE INDUSTRIES, INC.*

*v.*

*WILLIE MAE STEWMAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2004 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GEORGE J. NALLEY, JR. |
| | P. SHARKEY BURKE, JR. |
| ATTORNEYS FOR APPELLEE: | NATHANIEL ALANDAS ARMISTAD |
| | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 06/15/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.    This consolidated appeal arises from an order of the Circuit Court for the First Judicial District of Hinds County, Judge Winston L. Kidd, presiding, wherein the trial court set aside

the jury verdict rendered in favor of the Defendants in this personal injury case, and granted the motion for a new trial filed by the plaintiff, Willie Mae Stewman. In addition to granting Stewman's motion, the trial court entered an order requiring that a peremptory instruction be given at the parties' new trial, thus instructing the jury that Willie J. White was negligent as a matter of law. The Defendants thereafter perfected a direct appeal pursuant to M.R.A.P. 4(a), and likewise petitioned us for an interlocutory appeal pursuant to M.R.A.P. 5(a). We granted the Defendants' petition for an interlocutory appeal and consolidated that appeal with the direct appeal.

¶2. The trial court's grant of a post-verdict peremptory instruction, that White was negligent as a matter of law, was the legal equivalent of a grant of a motion for J.N.O.V. The peremptory instruction at the new trial would inform the jury that White was negligent as a matter of law. After consideration, we find the trial court erred by setting aside the jury verdict in favor of the Defendants as the jury verdict was supported by substantial evidence. The jury verdict in favor of the Defendants is hereby reinstated by this Court.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶3. On February 6, 2003, shortly after 6:00 a.m., Stewman was driving east on Highway 18, a four lane thoroughfare located in Hinds County, near the intersection of Greenway Drive. The highway was wet from rain earlier in the morning. On the opposite side of the highway, White, a driver for National Linen Service Corporation, was traveling west in the left-hand lane. With little or no warning, the unknown driver of a small white car, which was also traveling west on Highway 18, made a right-to-left lane change and pulled directly in

2

front of White. In an effort to avoid a collision, White swerved his commercial vehicle through the left turn lane and into the grass median which separated the opposing lanes of traffic on Highway 18. Having lost control of his vehicle, White continued through the grass median and into the opposing lanes of the eastbound traffic where he collided with Stewman's vehicle. As a result of the collision, Stewman suffered severe injuries. Notably, the driver of the small white car did not stop at the scene of the accident and has never been identified.

¶4.     Stewman commenced her action against White, individually and as an agent for National Linen Service Corporation, doing business as National Service Industries, Inc., and National Linen Service Corporation, doing business as National Service Industries, Inc. (National Linen) in the Circuit Court of Hinds County. At the four-day trial which ensued, the pivotal issue for the jury was whether White was negligent in the operation of his truck. Upon the close of White's case-in-chief, Stewman moved for a directed verdict, asserting that White's negligence was not a question of fact for the jury. Although Judge Kidd denied Stewman's motion for a directed verdict, he found that White's negligence and the negligence of the unknown driver of the small white car were the cause of the accident. The form of the verdict instruction which the trial court submitted to the jury contained three "questions:" (1) the amount of damages, if any, suffered by the plaintiff, Stewman; (2) the percentage of fault allocated between White (and National Linen) and the unidentified driver of the small white car; and, (3) an option to find in favor of the Defendants by using the form, "[w]e, the jury find for the Defendants." After deliberating, the jury returned a verdict

3

which stated "[w]e, the jury find for the Defendants." By its verdict, the jury did not assess the amount of Stewman's damages, nor did it allocate fault between White and the unknown driver. Following the reading of the verdict, each juror was polled, and the polling revealed a ten-to-two vote in favor of the verdict as read. Thereafter, a final judgment was entered consistent with the jury verdict.

¶5. Subsequent to the entry of the final judgment, Stewman filed a motion for a judgment notwithstanding the verdict, or, in the alternative for a new trial. The trial court thereafter entered an order denying Stewman's motion for a J.N.O.V., choosing instead to set aside the jury verdict and grant Stewman a new trial. In addition to entering an order granting a new trial, the trial court likewise entered an order directing that, upon a new trial, the jury would be peremptorily instructed that White was negligent as a matter of law. Thus, the order provided that the only issues to be resolved at a new trial were (1) apportionment of fault between White and the unknown driver, and (2) the amount of damages, if any, suffered by Stewman. The trial court ultimately determined that the overwhelming weight of the evidence presented at trial established that White was negligent as a matter of law and, as such, White should have been apportioned a percentage of the fault, when weighed and considered with the fault of the unknown driver of the small white car.

¶6. White filed an interlocutory appeal from the circuit court order granting Stewman a new trial and an appeal of right from the circuit court order granting Stewman a peremptory instruction regarding White's negligence. This Court granted White's interlocutory appeal and consolidated that matter with White's direct appeal.

4

¶7.     The trial court erred by setting aside the jury verdict. This Court finds that the trial

court's grant of a peremptory instruction was tantamount to granting a J.N.O.V. The trial

court also erred by granting the peremptory instruction and a new trial. There was substantial

credible evidence to support the jury verdict in favor of the Defendants, White and National

Linen Services. As such, we reverse the trial court's decision to set aside the jury verdict and

the grant of a peremptory instruction that White was negligent as a matter of law, and

reinstate the jury verdict in favor of the Defendants.

### DISCUSSION

¶8.     Before addressing the issues presented in today's case, we must evaluate the nature

of the rulings that form the bases of this consolidated appeal. Moreover, we must determine

exactly what the trial court ordered when he ruled both to grant Stewman's motion for a new

trial and to give a peremptory instruction as to White's liability. With this task in mind, and

for the sake of clarity, we begin our discussion by examining judgments as a matter of law

and the grant of a new trial. Ultimately, we look at the legal effect of these "judicial control

devices" to determine their finality and appealability.

¶9.     Judgments as a matter of law, which include directed verdicts, peremptory instructions

- a procedural equivalent to a directed verdict - and judgments notwithstanding the verdict,

all exist to challenge via motion the substance of a party's factual presentation vis-a-vis the

law of the case.[1] In essence, when requested by way of a motion to grant one of these

---

[1]For purposes of today's discussion, we refer to motions for a directed verdict, including peremptory instructions submitted to the jury by the court, and motions for J.N.O.V., collectively, as judgments as a matter of law.

5

judgments as a matter of law, trial courts are provided an opportunity to assess the viability of the cases pending before them. By their very nature, these motions present purely legal questions, and therefore, once these motions are utilized by the parties and ruled on by a trial court, these issues are preserved for review and directly appealable upon final judgment.

¶10. Our standard of review of a trial court's grant of a J.N.O.V., a peremptory instruction and a directed verdict is de novo, and we apply the same criteria as that of the trial court:

> [T]his Court will consider the evidence in the light most favorable to the appellee [nonmovant], giving that party the benefit of all favorable inference [sic] that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant [movant] that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.

*Steele v. Inn of Vicksburg, Inc.*, 697 So. 2d 373, 376 (Miss. 1997) (citing *Sperry-New Holland v. Prestage,* 617 So. 2d 248, 252 (Miss. 1993)).

¶11. In essence, judgments as a matter of law present both the trial court and the appellate court with the same question - whether the evidence, as applied to the elements of a party's case, is either so indisputable, or so deficient, that the necessity of a trier of fact has been obviated. Stated differently, judgments as a matter of law go to the very heart of a litigant's case and test the legal sufficiency of that litigant's case. In this way, judgments as a matter of law put a party to its proof and are available through a motion at varying junctures of the judicial process before, during, and after trial.

¶12. We turn now to Miss. R. Civ. P. 50. While functionally the same "judicial control device," the timing and finality of a Rule 50(a) motion for a directed verdict and motion for a peremptory instruction differentiate these motions from a Rule 50(b) motion for a J.N.O.V. Procedurally, motions for directed verdicts and peremptory instructions are considered before a verdict is rendered or a final judgment is entered. If granted by the trial court, a directed verdict or a peremptory instruction serve to instruct a jury as to what the law of the case is and what the disputed questions of fact are.

¶13. While directing the verdict or issuing a peremptory instruction are methods by which a trial court appropriately guides a jury in arriving at its ultimate verdict, the grant of a J.N.O.V. results in a wholesale reversal of the verdict. Thus, Rule 50(b) allows the court to reserve the decision on this critical question of law until after the case has been submitted to the jury and the jury has reached a verdict or has informed the judge of its inability to agree on a verdict. Wright & Miller, Federal Practice and Procedure: Civil 2d § 2521, p. 241. "If the court decides that the initial motion for judgment as a matter of law should have been granted, it may set aside the verdict of the jury and enter a judgment as a matter of law. . . . Thus the rule gives the trial court a last chance to order the judgment that the law requires." *Id.*, pp. 241-42.

¶14. When a proper post-verdict motion for a J.N.O.V. has been made, the court has three options:

> First, of course, it may deny the motion and enter judgment on the verdict. Alternatively, it may grant the motion and order judgment for the moving party. Either of these actions results in a final appealable judgment. Third, the court may think the motion well taken but the defect in the proof possibly

7

remediable and thus order a new trial rather than judgment as a matter of law. An order granting a new trial is interlocutory in nature and generally not appealable.

Wright & Miller, Federal Practice and Procedure: Civil 2d § 2540, p. 366-67. (*See also* Miss. R. Civ. P. 50, *cmt*.).

¶15.    In contrast to judgments as a matter of law, the motion for a new trial exists for an entirely different purpose.  Accordingly, a new trial becomes appropriate when a trial court determines that error within the trial mechanism itself has caused a legally incorrect or unjust verdict to be rendered.  The motion for a new trial affords trial courts with an alternative to a grant of a J.N.O.V., and provides judges with the opportunity to remedy trial error before an appeal is commenced.  Whether jury error or otherwise, our law has long recognized the importance of this remedial device.  In ***Beard v. Williams***, 172 Miss. 880, 161 So. 750 (1935), we held:

> We are conscious of the fact that the verdict of a jury is to be given great weight, and is the best means, when fair, of settling disputed questions of fact. Nevertheless, throughout the entire history of jury trials, the courts have exercised a supervisory power over them, and have granted new trials whenever convinced, from the evidence, that the jury has been partial or prejudiced, or has not responded to reason upon the evidence produced.  The duty of the court in supervising trials by jury is such a vital part thereof that no court may refuse to exercise such power whenever fully convinced of its duty so to do.

***Beard***, 172 Miss. at 884; 161 So. at 751.

¶16.    Since the determination of whether to grant or deny a new trial, on motion of a party or by order entered on the initiative of the court, is within the sound discretion of the trial

8

court, this Court reviews such orders for abuse of discretion. In ***White v. Yellow Freight***

***System, Inc.***, 905 So. 2d 506 (Miss. 2004), we reiterated this well-established legal tenet:

> The grant or denial of a motion for a new trial is a matter within the trial court's sound discretion. ***Green v. Grant***, 641 So. 2d 1203, 1207 (Miss. 1994). A new trial may be granted in a number of circumstances, such as when the verdict is against the substantial or overwhelming weight of the evidence. ***Shields v. Easterling***, 676 So. 2d 293, 298 (Miss. 1996); *see also* U.R.C.C.C.P. 10:05(2). On appeal, this Court may reverse the granting of a new trial only when the trial court has abused its discretion. ***Green***, 641 So. 2d at 1207.

***White***, 905 So. 2d at 510-11.

¶17.   An order granting a party a new trial is a "judicial control device" that provides a trial court with the discretionary authority to set aside a jury verdict and resubmit questions of fact to another jury at a new trial. In ordering a new trial, the trial court makes a determination that the jury verdict is in error, and that due to mistakes made in conducting the trial, mistakes made in applying the law, or due to a jury verdict that is against the great weight of the evidence, a new trial is necessary.

¶18.   A new trial provides a clean slate. The issues must be retried, and the parties may thus present evidence differently. As such, a new trial requires its own law, and the judge is once again empowered to make judgments concerning Mississippi law as required by the evidence. All judgments as a matter of law then become reviewable at the conclusion of the case as does the trial court's grant of the new trial itself.

¶19.   In today's case, the trial court made the following finding at the jury instruction conference:

9

It will be a jury question as to whether or not Mr. White was negligent. It will be a jury question whether or not the [driver of the] white car was negligent.

It will not be a jury question whether or not Ms. Willie Mae Stewman was negligent. The jury will not have the opportunity to decide whether or not Ms. Stewman committed any negligence. It's the Court's opinion after listening to the evidence at the trial that there is no way that the jury could attribute any negligence to Ms. Stewman and therefore Ms. Stewman will not be one of individuals (sic) that's placed on the jury form.

Thus, in making this ruling, the trial court ruled as a matter of law that from the evidence before the court and the jury, Stewman was not contributorily negligent, and thus no comparative negligence instruction would be given. *See* Miss. Code Ann. § 11-7-15 (Rev. 2004). On the other hand, the trial court determined the jury would be able to allocate fault as between White and the unknown driver of the white car. *See* Miss. Code Ann. § 85-5-7. The trial court personally drafted and submitted to the jury the form of the verdict instruction, which was Jury Instruction No. 20. This instruction stated, in its entirety:

When returning your verdict in this case, you should answer the following questions:

1.      At what amount do you find by a preponderance of the evidence to be plaintiff's total damages, if any?
$_____

2.      In accordance with the Court's other instructions, please fix a percentage of fault to be allocated to the following:
_____Defendants Willie White and National Linen.[2]
_____Driver of small white car.
(Your combined percentages must total 100%)

---

[2]The jury was informed via Jury Instruction No. 9 that if the jury found White to have been acting in the course and scope of his employment with National Linen at the time of the accident, and that if the jury determined that White was negligent, National Linen was then liable for any negligence attributable to White.

3. If you find in favor of the defendants, you may return a verdict in favor of Defendants and the form of your verdict may be as follows: "We, the jury, find for the Defendants."

¶20. Likewise, consistent with his jury instruction conference ruling, the trial court informed the jury via Jury Instruction No. 10 that Stewman "was in no way responsible or negligent for the accident" in question. Through Jury Instruction No. 19, the jury was instructed to allocate percentages of fault as between White and the unknown driver of the small white car. The jury was also instructed as to negligence and proximate causation. The trial court gave the following instructions to the jury:

Jury Instruction No. 12

The Court instructs you that the word "negligence" as used in these instructions is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like or similar circumstances. Negligence may consist either in doing something that a reasonable person would not do under the same or similar circumstances or in failing to do something that a reasonably careful person would do under like or similar circumstances.

Jury Instruction No. 15

You are instructed that, under Mississippi law, the test for determining whether one is negligent is whether the act or being charged with negligence in any circumstance acted as a reasonable and prudent person would have acted under the same or similar circumstances.

Accordingly, if you believe from the evidence in this case that:

(1) The defendant, Mr. White, was driving his vehicle at a reasonable rate of speed, had his vehicle under reasonable control, and was maintaining a reasonable lookout, when the unidentified driver of the white vehicle suddenly pulled in front of his vehicle; and

11

(2) That Mr. White acted as a reasonable and prudent person would have acted, when suddenly and unexpectedly confronted by the white vehicle, by swerving to the left to avoid a collision with the white vehicle and, as a result, losing control of his vehicle and colliding with the plaintiff's automobile; then you shall conclude that Mr. White was not negligent and your vehicle shall be for the defendants.

Jury Instruction No. 16

You are instructed that a motorist's failure to exercise reasonable care in executing a turn considering the nearness and speed of nearby vehicles is a question of negligence for the jury.

¶21. When the jury returned a verdict for the Defendants, White and National Linen, the trial court determined that the jury misunderstood its task as directed by the jury instructions and thus failed to apportion any fault to White for the injuries sustained by Stewman in the parties' automobile collision.[3] In the Order Regarding Plaintiff's Motion for Judgment Non Obstante Verdicto or, in the Alternative, For a New Trial, the trial court stated:

6. Defendants submit that the jury's verdict reflects the jury's intent to find Willie White and National Linen were not at fault and that said verdict was in compliance with the Court's instructions. Defendants' argument is flawed. The jury failed to follow the Court's instructions and answer the questions presented in Instruction No. 20. First, the jury did not answer question no. 1 regarding plaintiff's total damages. The evidence was undisputed that plaintiff suffered damages as a result of the collision. Next, in question no. 2, the jury did not fix a percentage of fault to be allocated to the Defendants and the Driver of the small white car. Instead of answering questions 1 and 2, the jury simply returned a verdict in favor of the defendants. We can merely speculate that the jury attributed 100% fault to the driver of the small white car. A fair trial should not be based upon speculation and guesswork.

7. The Court finds that an injustice has occurred herein and that the jury verdict will not be allowed to stand. The plaintiff, due to no fault of her own, was

---

[3]The jury no doubt would have been permitted to allocate fault at zero percent to White and one hundred percent attributed to the unknown driver of the mystery vehicle.

12

severely injured in the subject automobile collision. The overwhelming evidence presented at trial established that defendant Willie White was negligent as a matter of law. As such, the jury should have apportioned a percentage of fault to defendant Willie White. It would be an obvious injustice to allow the jury verdict to stand. Therefore, in accordance with well settled law, the court must set aside the herein jury verdict and grant plaintiff's motion for a new trial.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment Non Obstante Verdicto is denied. However, at the new trial of this matter, the Court will instruct the jury that defendant Willie White was negligent as a matter of law and was a cause of the collision herein.

IT IS, FURTHER ORDERED AND ADJUDGED that the jury verdict in the herein case is set aside and plaintiff's motion for new trial is granted.

¶22. Accordingly, the trial court made a discretionary decision to grant Stewman a new trial. The trial court also ruled as a matter of law that the jury, at a yet-to-be-held second trial, would receive a peremptory instruction directing it to find White negligent as a matter of law. In so ruling, the trial court ostensibly granted the plaintiff, Stewman, both a new trial and a J.N.O.V. However, the practical effect of the trial court's ruling is that it functionally created a situation where his duly entered judgment as a matter of law concerning the evidence presented in the parties' first trial was to be applied in their new trial.

¶23. The trial court's pre-trial grant of a peremptory instruction is a premature judgment as a matter of law for the purposes of the parties' second trial, and a judgment notwithstanding the verdict for the purposes of the first trial. Inasmuch as the judgment is directly contrary to the jury verdict and serves as a judicial determination concerning the legal sufficiency of the evidence White presented at trial, we find that the trial court's post-verdict peremptory

13

instruction which would apply at the second trial functionally granted Stewman's motion for a J.N.O.V., and we will review it accordingly.

**I.    WHETHER THE TRIAL COURT ERRED WHEN IT ORDERED A NEW TRIAL WITH AN ACCOMPANYING PEREMPTORY INSTRUCTION INFORMING THE JURY THAT WHITE WAS NEGLIGENT AS A MATTER OF LAW**

¶24.    In addition to granting Stewman a new trial, the trial court likewise ordered that a peremptory instruction be given at the second trial directing that White was negligent as a matter of law.  As we have already concluded, this post-verdict/pre-new trial peremptory instruction served as the functional equivalent of a grant of Stewman's motion for a judgment notwithstanding the verdict.  Having thus determined the nature and appealability of the trial court's ruling, we now review the substance of his ruling on its merits.

¶25.    A trial court's grant of a J.N.O.V. is reviewed to determine whether the judge properly found that the jury's verdict was not supported by a legally sufficient evidentiary basis.  To facilitate a sufficiency of the evidence review, this Court considers all evidence in the light most favorable to the nonmoving party, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence.  *Steele v. Inn of Vicksburg, Inc.*, 697 So. 2d 373, 376 (Miss. 1997).  If the facts and inferences drawn from this evidence point so overwhelmingly in favor of the movant that reasonable jurors could not have arrived at a contrary verdict, the motion should be granted.  *Ferguson v. Snell*, 905 So. 2d 516, 520-21 (Miss. 2004); *see also Upchurch ex rel. Upchurch v. Rotenberry*, 761 So. 2d 199, 204 (Miss. 2000).

14

¶26. On the other hand, if there is evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might reach different conclusions, the jury verdict should be allowed to stand, and the motion should be denied. *Upchurch*, 761 So. 2d at 204. When there is conflicting testimony, the jury determines the weight and worth of the witnesses' testimony and credibility at trial. *Wallace v. Thornton*, 672 So.2d 724, 727 (Miss. 1996). A reversal of a jury verdict is not warranted unless it is against the overwhelming weight of the evidence and credibility of the testimony. *Id.*

¶27. The trial court based its grant of the peremptory instruction and the new trial on the alleged overwhelming evidence at trial that White was negligent as a matter of law and the jury's failure to answer all three of the questions submitted to the jury in instruction number twenty. Jury Instruction No. 20, cited above, had three questions. The third questions stated that "[i]f you find in favor of the defendants, you may return a verdict in favor of Defendants and the form of your verdict may be as follows: "We, the jury, find for the Defendants." The jury only responded to question three with the finding that "[w]e, the jury, find in favor of Defendants." The "Defendants" were designated to be "Defendants Willie White and National Linen." The trial court noted that the jury failed to answer question one concerning the amount of damages Stewman suffered from the collision. The jury also failed to answer two questions which allocated a percentage of fault between the Defendants and/or the driver of the unidentified white car.

¶28. White argues that the failure of the jury to answer two of the questions on the verdict form is inconsequential and the answers to the two questions were not relevant because the jury

determined that the Defendants were not negligent and, therefore, not liable to Stewman, finding for the Defendants. We agree. Miss. Code Ann. § 11-7-157 (1972) states:

> No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.

This Court has held that the test of whether a verdict is sufficient as to form "is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court. This well-established rule of law has long been recognized by this Court." *Sentinel Industrial Contracting Corp. v. Kimmins Industrial Service Corp.*, 743 So. 2d 954, 969 (Miss. 1999)(quoting *Henson Ford, Inc. v. Crews*, 249 Miss. 45, 160 So. 2d 81 (1964)); *Mizell v. Cauthen*, 251 Miss. 418, 429, 169 So. 2d 814, 818 (1964). Miss. Code Ann. § 11-7-159 states in part, "[i]f the verdict is informal or defective, the court may direct it to be reformed at the bar."

¶29.    The issue submitted to the jury was whether the Defendants were negligent in the operation of the National Linen vehicle. If the jury determined that the Defendants were negligent then the jury had to determine if the Defendant's negligence caused Stewman's injuries. However, the jury found in favor of the Defendants, rendering questions one and two meaningless. In addition, Stewman did not object to the form of the jury verdict when it was read in court.

¶30.    In addition, the quality and weight of the evidence clearly demonstrates that reasonable minds could reach different conclusions as to White's liability. Moreover, testimony at trial revealed an eyewitness account from an independent, disinterested third party who was driving

16

beside White's truck at the time White was forced into evasive action by the unknown driver of the small white car. Jesse Ammons testified that while he was able to brake his truck and avoid colliding with the small white vehicle, he was able to do so only because the white car moved from his lane of travel into the left lane directly in front of White's truck. Ammons further testified that from his observations White did not improperly operate his vehicle, but merely did what he could to avoid the white car. Ammons testified as follows:

> Q. Based upon your personal observations of the scene that morning, do you think that the National Linen driver had the opportunity to do anything other than what he [White] did to avoid the accident?
> A. I did not see any other way out. It was just too quick. He shot over in front of the man from in front of my truck. It was just too quick. He didn't have a choice.

¶31. In addition to Ammons's testimony, there is detailed expert testimony to the effect that the intrusion of the white vehicle into the lane of travel occupied by White was the primary cause of the accident. Moreover, the testimony and computer/video models presented by White's expert, Dr. Frank Griffith, demonstrate the plausibility of White's defense and support his testimony that the negligence of the unknown driver of the small white vehicle was at least a proximate contributing cause, if not indeed the sole proximate cause, of White's collision with Stewman. When one examines the evidence presented at trial in the light most favorable to White, and gives White the benefit of all favorable inferences that may be reasonably drawn therefrom, it is undeniable that the issue of negligence was, and is, a question for the jury. In *Henson v. Roberts*, 679 So. 2d 1041 (Miss. 1996), this Court once again stated the test applied to a jury verdict:

17

> Once the jury has returned a verdict in a civil case, we are not at liberty to direct that judgment be entered contrary to that verdict short of a conclusion on our part that given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found.

*Henson*, 679 So. 2d at 1045 (quoting *Wells Fargo Armored Service Corp.*, 543 So. 2d 154, 157 (Miss. 1989)); *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 660 (Miss. 1985). *See also Stubblefield v. Jesco, Inc.*, 464 So. 2d 47, 54 (Miss. 1984); *Weems v. American Security Insurance Co.*, 450 So. 2d 431, 435 (Miss. 1984).

> When the facts are in dispute as they are in this case, the jury is given the power to resolve factual disputes and this jury did so in favor of Brad. A "reasonable, hypothetical juror" could have returned a verdict as this one did. When evidence is in dispute and different conclusions could be reached, the Court "has refused to take an issue from the jury or to interfere with a jury's decision." *McKinzie v. Coon*, 656 So. 2d 134, 140 (Miss. 1995).

*Henson*, 679 So. 2d at 1045.

¶32.    Just as in *Henson*, a "reasonable, hypothetical juror" could have returned a verdict as the jury in today's case did. We have already found that the trial court's post-verdict decision to instruct the jury at the new trial that White was negligent as a matter of law was the functional equivalent of a grant of Stewman's motion for judgment notwithstanding the verdict. We find error in the trial court's peremptory instruction which amounted to a grant of a J.N.O.V. in favor of Stewman. We find that there was sufficient evidence introduced at trial to reasonably conclude that White was not negligent and the jury verdict was based on substantial evidence. Accordingly, this Court finds that the trial court erred by granting the peremptory instruction, which was the equivalent of a grant of a J.N.O.V., and erred in granting a new trial. The evidence supports the jury verdict in favor of the Defendants. The

18

trial court erred by setting aside the jury verdict, and we, therefore, reverse the grant of the peremptory instruction, which was equivalent to a grant of a J.N.O.V., reverse the grant of a new trial, and reinstate the jury verdict in favor of the Defendants, White and National Linen.

## II. WHETHER THE TRIAL COURT'S GRANT OF STEWMAN'S MOTION FOR A NEW TRIAL IS APPEALABLE

¶33. This Court accepted the Defendants' petition for interlocutory appeal on the issue of new trial. As stated in Issue I, sufficient evidence was introduced at trial to reasonably conclude that White was not negligent, and the jury verdict was based on substantial evidence. Therefore, we held that the trial court erred by setting aside the jury verdict and granting the peremptory instruction. Now, we examine the trial court's grant of a new trial, and this Court finds that the jury verdict shall be reinstated in favor of the Defendants.

> M.R.C.P. 50(c) provides that the court:
>
> [S]hall specify the grounds for granting or denying the motion for new trial...In the case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed *unless the appellate court has otherwise ordered*.

(Emphasis added); *see also* Comments to Rule 50. Clearly, M.R.C.P. 50(c) gives this Court the authority to review the grant of a new trial. *But see **Maxwell v. Illinois Central Gulf R. R.**, 513 So. 2d 901 (Miss. 1987**); **McFarland v. Entergy Mississippi, Inc.,** 918 So. 2d 697 (Miss. Ct. App. 2005); and **Hearn v. Brown**, 876 So. 2d 380 (Miss. Ct. App. 2003). This Court then can either affirm or reverse the trial court's grant of new trial, whichever is appropriate in each case.

¶34. The Federal Rules of Civil Procedure also offer guidance on the issue of whether an appellate court can rule on a motion for new trial. *See Stubblefield v. Jesco, Inc.*, 464 So. 2d 47, 59-60 (Miss. 1984)(generally federal practice should be our guide when considering questions arising under the Mississippi Rules of Civil Procedure). The language "unless the appellate court has otherwise ordered" is the same in F.R.C.P. 50(c) and M.R.C.P. 50(c). Wright and Miller look to the Advisory Committee Note to F.R.C.P. 50(c)(1) and state that "the appellate court, if it reverses the [J.N.O.V.], may in an appropriate case also reverse the conditional grant of the new trial and direct that judgment be entered on the verdict." Wright and Miller, Federal Practice and Procedure: Civil 2d § 2540, p. 376-77, n. 32. The guidance provided by the federal rules and Wright and Millers comments to the F.R.C.P. 50(c) are instructive in the interpretation of the language of M.R.C.P. 50(c). The federal guidance on the language "unless the appellate court has otherwise ordered" supports this Court's interpretation of the same language in M.R.C.P. 50(c) that the grant of a new trial can be reversed when the particular circumstances of a case warrant a reversal.

¶35. In *Maxwell*, 513 So. 2d at 907-08, this Court held that the J.N.O.V. granted in favor of the Railroad was reversible error and sent the case back for a new trial. We find that this ruling was correct under the facts of that case. The issue on appeal was whether "the Railroad breached its duty to sound the whistle once [the plaintiff] was spotted on the tracks." *Id*. at 906. Unlike the facts in the case before us today, the facts as to the whistle were in dispute in *Maxwell*. The issue of whether the whistle sounded concerned a weight of the evidence review as opposed to its legal sufficiency. The Court, in *Maxwell,* allowed the new trial because the

20

trial court erred by granting the J.N.O.V., and the new trial was based on the verdict being contrary to the weight of the evidence. *Id*. at 907. However, the Court held that just because the J.N.O.V. "should not have been granted [it] in no way compell[ed] the conclusion that the Circuit Court also erred in ordering a new trial." *Id*. at 908. A reverse of a trial judge's ruling on a request for new trial is proper only when it amounts to an abuse of discretion." *Id*.; *see also **Whitten v. Cox**,* 799 So. 2d 1, 7 (Miss. 2000); *Thornhill v. Wilson*, 504 So. 2d 1205, 1209 (Miss. 1987).

¶36. Clearly, the Court in *Maxwell* did not limit its authority or jurisdiction in new trial matters. However, this Court did not specifically address M.R.C.P. 50 (c) in *Maxwell*. In *Hearn* and *McFarland,* the Court of Appeals misinterpreted this Court's holding in *Maxwell*. The Court of Appeals in *Hearn* found that the appellate court lacked jurisdiction to reach the issue of new trial. In *Hearn*, the Court of Appeals held:

> Once this Court determined that the circuit court erred in granting J.N.O.V., the conditional nature of the order for new trial on liability was removed, and it became the operative direction of the circuit court as to how the case would proceed at the trial level. Because of its interlocutory nature, that order is beyond the jurisdiction of this Court to consider.

*Hearn*, 876 So. 2d at 384. *McFarland* followed the same reasoning as *Hearn*, that being a lack of jurisdiction to review the conditional order for a new trial. *McFarland*, 918 So. 2d at 705.

¶37. M.R.C.P. 1 provides, in part "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every action." Obviously, the drafter's of the Rules and commentary responsible for Rule 50(c) recognize the absurdity of blind adherence to pre-rule

21

practice regarding the conditional grant of a new trial by including the language "*unless the appellate court has otherwise ordered*."

¶38. Therefore, we find that M.R.C.P. 50(c) gives this Court the authority to review the grant of a new trial. We, therefore, expressly overrule any holding contrary to today's decision. We find that the trial court erred by granting the peremptory instruction, which was the legal equivalent of a grant of the motion for J.N.O.V., and the grant of a new trial to the Plaintiff and reverse and render judgment in favor of the Defendants.

## CONCLUSION

¶39. We reverse the trial court order of the Circuit Court for the First Judicial District of Hinds County as to the peremptory instruction, which amounted to a grant for J.N.O.V., and as to the new trial and render judgment in favor of the Defendants.

¶40. **REVERSED AND RENDERED.**

     **SMITH, C.J., WALLER, P.J., DICKINSON AND RANDOLPH, JJ., CONCUR. CARLSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.; DIAZ, J., JOINS THIS OPINION IN PART. COBB, P.J., NOT PARTICIPATING.**

     **CARLSON, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶41. For the most part, I wholeheartedly agree with the majority's excellent discussion on judgments as a matter of law. I also agree with the majority's conclusion as to Issue I that the trial judge's "post-verdict decision to instruct the jury at the new trial that White was negligent as a matter of law was the functional equivalent of a grant of Stewman's motion for judgment notwithstanding the verdict," and that the trial judge's grant of a J.N.O.V. in favor of Stewman

22

was error. However, I respectfully part ways with my learned colleagues in the majority concerning their treatment of Issue II. Accordingly, because the majority reverses the trial court's grant of a new trial and renders judgment in favor of the defendants, thus depriving Willie Mae Stewman of the trial-court ordered new trial, I must respectfully dissent.

¶42. Having determined that the trial judge's peremptory instruction was ostensibly a grant of Stewman's motion for J.N.O.V. and that such a grant was error, I now examine the effect of today's determination on the appealability of the trial judge's order granting Stewman a new trial.

¶43. While the Mississippi Rules of Civil Procedure, as well as this Court's precedent, provide various means through which a trial court can condition its grant of a new trial on its grant of a party's motion for a J.N.O.V. – which otherwise serves as a final judgment for the purposes of appeal – neither the Rules, nor the decisions of this Court, expressly address the procedure this Court is required to consider today. Moreover, in considering today's case, I acknowledge the trial judge's understandable concern about the jury's failure to fully comply with the form of the verdict instruction. I decipher from the record that the trial judge's intentions were to either reverse the jury's negligence determination by way of a judgment as a matter of law entered after the verdict (J.N.O.V.) or, at a minimum, to have the case retried in order to remedy error which the trial judge perceived had been committed by the jury's failure to comply with a critical jury instruction. As pointed out by the majority, the jury was instructed by the trial judge, inter alia, as follows:

1.      At what amount do you find by a preponderance of the evidence to be plaintiff's total damages, if any?

$_____



2. In accordance with the Court's other instructions, please fix a percentage of fault to be allocated to the following:

_____Defendants Willie White and National Linen.

_____Driver of small white car.

(Your combined percentages must total 100%)

3. If you find in favor of the defendants, you may return a verdict in favor of Defendants and the form of your verdict may be as follows: "We, the jury, find for the Defendants."

Also, as pointed out by the majority, the trial judge's order addressing the J.N.O.V./new trial issue stated, inter alia:

> Defendants submit that the jury's verdict reflects the jury's intent to find Willie White and National Linen were not at fault and that said verdict was in compliance with the Court's instructions. Defendants' argument is flawed. The jury failed to follow the Court's instructions and answer the questions presented in Instruction No. 20. First, the jury did not answer question no. 1 regarding plaintiff's total damages. The evidence was undisputed that plaintiff suffered damages as a result of the collision. Next, in question no. 2, the jury did not fix a percentage of fault to be allocated to the Defendants and the Driver of the small white car. Instead of answering questions 1 and 2, the jury simply returned a verdict in favor of the defendants. We can merely speculate that the jury attributed 100% fault to the driver of the small white car. A fair trial should not be based upon speculation and guesswork.

¶44. With this Court having already reversed the trial judge's J.N.O.V. determination, we are now left with the trial judge's grant of a new trial, and I will thus look to our rules in order to consider this Court's ability to review the trial judge's grant of a new trial at this stage of the judicial process. Accordingly, the comment to Rule 50(c) directly addresses the conditional grant of a new trial and states in relevant part:

> [T]here are four courses the trial court may take when a motion in the alternative for a new trial or a judgment notwithstanding the verdict is filed: (1) it may deny the motion for judgment and grant a new trial; (2) it may deny both motions; (3)

24

it may grant both motions; (4) it may grant the motion for judgment but deny the motion for a new trial.

****************

3. The trial court may grant both motions. If it does so the grant of a new trial is conditional only and becomes effective only if the grant of judgment is reversed. The conditional grant of the new trial does not affect the finality of the judgment and appeal can be taken from the grant of judgment.

****************

If the appellate court affirms the grant of judgment the case is ended. If it reverses the grant of judgment the new trial must proceed, in accordance with the conditional order by the trial court, "unless the appellate court has otherwise ordered."

Miss. R. Civ. P. 50, *cmt*.

¶45. It is my firm belief that in today's case, this Court is directly aligned with the above delineated procedure. Moreover, because I believe the circuit court's grant of Stewman's motion for J.N.O.V. must be reversed, this would leave us with an interlocutory operative order entered by the trial judge as to how the case should proceed. In *Maxwell v. Illinois Central Gulf R.R.*, 513 So.2d 901 (Miss. 1987), a case decided after this Court's adoption of Miss. R. Civ. P. 50, this Court dealt with a coordinate procedural scenario where, despite the jury's verdict, the trial court entered a J.N.O.V. in favor of the defendant railroad and also conditionally granted the railroad's motion for new trial. On appeal, the plaintiff succeeded in convincing this Court that the grant of J.N.O.V. was reversible error. In ruling on the trial court's conditional grant of a new trial to the defendant railroad, this Court stated:

> Reversal of a trial court's ruling on a motion for new trial is proper only when it is clear that the trial judge's action constitutes an abuse of discretion. *See Gill v. W.C. Fore Trucking, Inc.*, 511 So.2d 496, 498 (Miss. 1987); *Thornhill v. Wilson*, 504 So.2d 1205, 1209 (Miss. 1987); *Maryland Casualty Co. v. City of Jackson*, 493 So.2d 955, 961 (Miss. 1986); Rule 59, Miss. R. Civ. P. *Here we do not reach that point, for the granting of a new trial is not a final judgment and thus is ordinarily not appealable*. *Shelton v. Puckett*, 483 So.2d 354, 356

25

(Miss. 1986); ***Byrd v. Sinclair Oil & Refining Co.***, 240 So.2d 623, 624-25 (Miss. 1970); *see also* ***Harrison v. Illinois Central Gulf Railroad Co.***, 219 Miss. 401, 409, 69 So.2d 218, 221 (1954). The order granting the Railroad this stands undisturbed.

***Maxwell***, 513 So.2d at 908 (emphasis added).

¶46. In ***Hearn v. Brown***, 876 So.2d 380 (Miss. Ct. App. 2003), the Court of Appeals reiterated the precedent as stated in ***Maxwell*** and added, "[i]t is fundamental law in this State that an order for new trial in a civil action based upon any factor other than the excessiveness or inadequacy of the verdict amount is an interlocutory determination that is not the proper subject of an appeal as a matter of right." ***Hearn***, 876 So.2d at 384-85 (citing ***Bowman v. Rutledge***, 369 So.2d 768, 769 (Miss. 1979)); *see also* ***Farned v. Aetna Casualty & Surety Co.***, 263 So.2d 790, 791 (Miss. 1972); ***Bradley v. Holmes***, 242 Miss. 247, 134 So.2d 494 (1961)).

¶47. It is obvious that the trial judge held a firm conviction that the verdict rendered by the jury was tainted by failure to comply with the jury instructions. For purposes of comity and procedural integrity, I am of the firm opinion that we must abstain from considering at this stage the propriety of the trial judge's grant of a new trial in this case. For procedural purposes this case is now pending in the circuit court, and as such this Court should defer to the trial judge's determination that error occurred and his efforts to remedy such error. Moreover, having reversed the trial court's judgment as to White's negligence, there is no reason at this point for this Court to believe that a new trial will not result in a fair and just verdict.

¶48. While I would find no procedural error in the trial judge's conditional grant of a new trial, I am of the opinion that this conditional grant of a new trial is otherwise not reviewable by this Court, because it would be premature at this point to do so. For these reasons, I would

26

remand this case to the trial court for a new trial consistent with the trial judge's conditional grant of a new trial.

¶49.	So that there can be no misunderstanding, I am very much aware of this Court's recent decision in *McFarland v. Entergy Mississippi, Inc.*, 919 So.2d 894 (Miss. 2005).[4] However, I find this case clearly distinguishable. In *McFarland*, the trial court entered a judgment consistent with a jury verdict for the plaintiff in the amount of $300,000; however, the trial court subsequently granted Entergy's motion for a judgment notwithstanding the verdict, and also "held that [Entergy's] motion for new trial was granted in the event that the JNOV was overturned on appeal." *Id.* at 897. McFarland appealed, and the Court of Appeals reversed the trial judge's grant of Entergy's motion for judgment notwithstanding the verdict, and remanded the case for a new trial. *Id.* En route to its decision, the Court of Appeals stated:

> In *Hearn v. Brown*, 876 So.2d 380 (Miss. Ct. App. 2003), this Court found that remand was proper where the trial court had both granted a JNOV and provisionally granted a new trial. The Court found that it lacked jurisdiction to review the conditional order for new trial. *Id.* at (¶¶ 14-20). Our remand for a new trial is in keeping with this prior decision of the Court. We, therefore, remand this case for a new trial pursuant to the trial court order and consistent with this opinion.

*McFarland v. Entergy Mississippi, Inc.*, 918 So.2d 697, 704-05 (Miss. Ct. App. 2004).

¶50.	Interestingly, after the Court of Appeals decision, McFarland petitioned this Court for certiorari due to the Court of Appeals' refusal to review on its merits the trial court's

---

[4]Our opinion in *McFarland* was authored by Chief Justice Smith and joined by Justices Easley, Carlson and Dickinson. Justice Graves dissented without a separate written opinion. Justice Randolph concurred, in part, and dissented, in part, and his separate opinion was joined by Presiding Justice Cobb. Presiding Justice Waller and Justice Diaz did not participate.

conditional grant of a new trial in favor of Entergy,[5] and Entergy likewise filed with us a petition for writ of certiorari, seeking review of the Court of Appeals' decision to reverse the trial court's grant of a J.N.O.V. in its favor. After granting both cert petitions, this Court reversed the Court of Appeals' decision to set aside the trial court's grant of Entergy's J.N.O.V. motion, and we reinstated the trial court's judgment notwithstanding the verdict entered in favor of Entergy; however, we found that because McFarland "neither raised, addressed, nor briefed the issue of whether the trial judge erred in the conditional grant of a new trial," this issue was procedurally barred. 919 So.2d at 904. *See*, *however*, Justice Randolph's separate opinion in **McFarland**, 919 So.2d at 904-12.

¶51.　Turning again to today's case, it is essential to recognize that the trial judge's entry of a judgment as a matter of law as to White's negligence was directly appealable; however, once this Court reversed the trial judge's grant of a judgment notwithstanding the verdict in favor of the plaintiff, the trial judge's prior grant of a new trial placed this case in a posture to proceed in the trial court with no further action on our part.[6] While this Court retains the ability to review the trial judge's grant of Stewman's motion for a new trial, to do so now would be premature.

---

　　[5]Understandably, since the Court of Appeals reversed the trial court's grant of a J.N.O.V. in favor of Entergy, McFarland was seeking an outright reinstatement of the final judgment entered on the jury verdict of $300,000 in his favor.

　　[6]I make this statement while acknowledging that I signed the order, as a member of the three-justice panel of this Court which granted the defendants' petition for an interlocutory appeal on the new trial issue, and consolidated these causes for appeal purposes. However, the mere fact that this Court might grant an interlocutory appeal does not necessarily mean that the petitioner will ultimately prevail on the merits of the case.

¶52. For these reasons, I firmly believe this case should be remanded to the trial court where a second trial should proceed. Upon the entry of a final judgment, all issues adjudicated at the second trial would then become properly appealable and reviewable, as would the trial judge's grant of a new trial. Thus, I would find that the trial judge's grant of Stewman's motion for a new trial is interlocutory in nature, and the issue is not ripe for appellate review.

¶53. Because the majority finds otherwise, I respectfully dissent as to this issue.

**GRAVES, J., JOINS THIS OPINION; DIAZ, J., JOINS THIS OPINION IN PART.**